Grover Earl WHITT, Appellee,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education and
Welfare, Appellant.

Hobert F. KISER, Appellee,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education and
Welfare, Appellant.

Willie Oscar HACKNEY, Appellee,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Appellant.

Seth ADKINS, Appellee,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Appellant.

Suvera STEVENSON, Appellee,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education and
Welfare, Appellant.

Nos. 77–2322, 77–2388, 77–2390,
77–2392 and 78–1172.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 5, 1978.

Decided July 12, 1979.

Gwenda D. Jones, Dept. of HEW, Balti-
more, Md. (Barbara Allen Babcock, Asst.
Atty. Gen., Washington, D. C., Paul R.
Thomson, Jr., U. S. Atty. and E. Montgom-
ery Tucker, Asst. U. S. Atty., Roanoke, Va.,
on brief), for appellant.

Matthew J. Cody, Jr., Lebanon, Va. (Wil-
liam J. Sturgill and Hugh P. Cline, Norton,
Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge,
BRYAN, Senior Circuit Judge, and RUS-
SELL, Circuit Judge.

PER CURIAM:

This is an appeal by the Secretary of
Health, Education and Welfare [HEW]
from the allowance by the district court of
attorneys' fees to claimants' attorneys in

five black lung cases.[1] Because the objections of the Secretary to the allowance in all the cases are similar, the cases were consolidated on appeal. We remand for further proceedings.

The Secretary urges that it is manifest the district judge in making the awards in the cases improperly gave consideration to and granted compensation, in part, for work done by claimants' counsel in administrative proceedings and that, if the time spent in representing the claimants in the administrative proceedings is disregarded, the amounts allowed are grossly excessive on the basis of counsel's time spent in representation of the claimants before the court. In support of these objections, the Secretary points to the several petitions filed by counsel for the allowance of fees, in all of which counsel, in itemizing their services, and in allocating time spent in such services, include their services in the administrative proceedings. He, also, questions including in the statement of services charges for the preparation of the petition for a fee allowance and of the drafting of the order allowing a fee.[2] He would analyze the services of counsel largely in terms of time expended, as shown in the itemized statement of services as filed with the court by counsel. On that basis, he contends that, if the awards are restricted to services in the court proceedings, they vary in hourly charges from approximately $150 to $520.

He argues that this great disproportion in allowances, as based on time spent, bespeaks excessiveness. He complains, further, that the awards were all couched in the same language, except for title of case and adjustment of figures to conform to the facts of the particular case, and followed a standard "boiler-plate" form, in which the allowances represented somewhere between roughly 20 and 22 percent of the past-due benefits due in each case. It is apparently his position that this circumstance suggests that the allowance followed a pattern under which fees were awarded perfunctorily, close to the maximum allowable by statute, without a careful review of the services rendered by counsel in the particular case.

■ The legal objections raised by the Secretary were considered and decided in *McKittrick v. Gardner* (4th Cir. 1967) 378 F.2d 872, which has generally been regarded as the guiding authority governing the allowance of fees under the Social Security Act. It is unnecessary to repeat all the general considerations stated in that decision for governing the exercise of the district judge's discretion in the allowance of attorney's fees in cases such as these. We particularly emphasized in that case that, though, the district judge, in making his award of fees, is properly clothed with considerable discretion, he was neither to consider nor to make any allowance for serv-

---

1. § 206(b) Social Security Act, 42 U.S.C. § 406(b), incorporated by reference, § 413(b), Federal Coal Mine Health and Safety Act 1969, as amended, 30 U.S.C. § 923(b).

   This section provides:

   "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for such representation except as provided in this paragraph."

2. These services, expressed in time expended in the itemization of services, vary from 1½ hours to 3 hours. Compensation for such services is not allowable under the statute.

   *See, however, Gagne v. Maher* (2d Cir. 1979) 594 F.2d 336 at 343–44 where the court held that such time is compensable. In so doing, however, it cited with approval *Prandini v. National Tea Co.* (3d Cir. 1978) 585 F.2d 47, 52–54. In that case the allowance was approved because it was not a dilution of the amount to be received by the plaintiff. The implication was clear in the opinion that if an allowance would operate to decrease the amount to be received by the plaintiff an allowance for such time should not be allowed. *Gagne* was the same kind of case as *Prandini*. It would, therefore, seem that the instant cases in which the allowance of attorney's fees would be at the expense of the plaintiffs would not be covered by the rule as stated in either *Gagne* or in *Prandini*.

ices rendered by counsel in the administrative proceedings. That power to make allowances for those services rests solely with the Secretary. It follows that, lest the district court be misled about the extent of counsel's services, counsel, in listing the services, expressed in terms of hours expended for which he seeks allowance, should not include any itemization of services rendered in the administrative proceedings.

■ The Secretary argues vigorously that counsel for the claimants in these cases improperly rested their petitions for a fee substantially on the work performed in the administrative proceedings. He refers, as we have said, to the itemization of services filed by counsel with the district court. In one of the cases identified by the Secretary, where counsel asked for a fee of $4,500 and the district judge allowed $4,200, the hours expended on the administrative proceedings seem to have exceeded those allocated to the court proceedings by approximately three to one. This disparity in hours, he says, shows that a part of the substantial fee requested must have been allocated to the administrative proceedings.[3] These circumstances would indicate, the Secretary urges, that the judge, in making his allowances, looked to the total hours of work listed in their itemization by counsel, without possibly noting the differentiation between work done in the administrative proceedings and work in the court proceedings. It does not, of course, necessarily follow that counsel were seeking by their petitions and the district judge was making an award of fees, in part, for services in the administrative proceedings. The facts are such, however, as to make it appropriate for us to remand these proceedings to the district court for clarification.

In remanding, however, we would emphasize again that the allowance of fees in cases such as these is a matter that properly is committed to the discretion of the district judge, whose familiarity with the proceedings uniquely qualifies him to evaluate the services of counsel and to give appropriate weight to the considerations outlined by us in *McKittrick*.

*REMANDED.*

---

**3.** Moreover, counsel candidly stated in argument that applications for the allowances of fees in connection with the administrative proceedings had not been filed because counsel were satisfied with the awards by the court.