Kathleen L. MORRIS, Appellant,

v.

SOCIAL SECURITY ADMINISTRATION, Appellee.

No. 82–1104.

United States Court of Appeals, Fourth Circuit.

Argued July 19, 1982.

Decided Sept. 17, 1982.

---

Robert L. Bushnell, Wise, Va. (C. Waverly Parker, Standardsville, Va., on brief), for appellant.

Gabriel Imperato, Dept. of Health and Human Services, Baltimore, Md. (John S. Edwards, U.S. Atty., E. Montgomery Tucker, Asst. U.S. Atty., Roanoke, Va., Randolph W. Gaines, Deputy Asst. Gen. Counsel, Baltimore, Md., for Litigation on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

## PER CURIAM:

The plaintiff-appellant seeks review of a district court order denying plaintiff-appellant's request for attorney fees for her attorney for services rendered by him before the Court. The issue is whether the Court can award attorney fees for services before it which, when added to an amount previously authorized by the Secretary for services performed before the Social Security Administration, equals in the aggregate an amount in excess of 25% of past due benefits due and owing the claimant.

In this case, C. Waverly Parker represented Kathleen L. Morris in her efforts to recover past-due disability benefits under the Social Security Act. The Secretary initially denied Morris' claim, but on appeal to the district court, as a result of Parker's representation, the district court remanded the case to the Secretary. On remand, the Secretary decided that Morris and her children were entitled to accrued benefits of $21,351.11. Consequently, the Secretary withheld twenty-five percent of the accrued benefits to cover whatever attorney's fees might be authorized, and paid all but $637.76 of that amount to Parker for his services before the Social Security Administration. Parker subsequently petitioned the district court for attorney's fees to compensate him for his services before the court. Although the court considered Parker's court services to be worth $1,000.00, the court ruled that 42 U.S.C. § 406 limits the aggregate attorney's fees recoverable to twenty-five percent of the claimant's past-due benefits and accordingly ordered the Secretary to certify only $637.76 for payment to Parker. Since the district court properly construed section 406, we deny Parker's claim to an additional $362.24, the difference between $1,000.00 and $637.76.

Subsection (a) of 42 U.S.C. § 406 authorizes the Secretary to certify a maximum of twenty-five percent of a claimant's past-due benefits as fees for the attorney who successfully represents the claimant in the agency proceedings.[1] Similarly, subsec-

---

1. The pertinent portions of 42 U.S.C. § 406(a) are as follows:

    The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under the subchapter, and any agreement in violation of such rules and regulations shall be void. Whenever the Secretary, in any claim before him for benefits under this subchap-

tion (b)(1) authorizes the court to allow up to twenty-five percent of a claimant's past-due benefits as fees for the attorney who successfully represents his client before the court.[2] The district court, however, is to award attorney's fees pursuant to section 406(b)(1) without considering any services the attorney may have performed before the Secretary. *Whitt v. Califano*, 601 F.2d 160, 161–62 (4th Cir. 1979). The Secretary alone is empowered to make awards for services rendered in agency proceedings. *Id.* at 162. Nonetheless, an attorney's entitlement to fees for court services is not eliminated when the court does no more than remand the case to the Secretary, as in the instant case. *See Conner v. Gardner*, 381 F.2d 497, 500 (4th Cir. 1967).

■ While the district court may not consider services rendered in administrative proceedings in its determination of a reasonable attorney's fee under subsection (b)(1), the legislative history of section 406 convinces us that the court must take into account any fees fixed by the Secretary pursuant to subsection (a). In 1965, Congress added subsection (b) to section 406, which had up to that time simply referred to the Secretary's authority to prescribe maximum fees. The Senate Report accompanying the 1965 legislation identifies "inordinately large fees," which "result from a contingent-fee arrangement under which the attorney is entitled to a percentage (frequently one-third to one-half) of the accrued benefits," as the impetus for the amendment. S.Rep.No.404, 89th Cong., 1st Sess. ——, *reprinted in* [1965] U.S.Code Cong. & Ad.News 1943, 2062. Following the 1965 amendment, therefore, the courts were authorized to allow no more than twenty-five percent of a claimant's accrued benefits as attorney's fees, while the Secretary was authorized to prescribe maximum fees without limitation.

■ In 1968, Congress added to subsection (a) the provision imposing upon the Secretary the duty to fix a reasonable attorney's fee "[w]henever the Secretary . . . makes a determination favorable to the claimant." The 1968 amendment also included, however, the twenty-five percent limit on the amount certified for payment to the attorney. Thus, after the 1968 amendment, neither the Secretary nor the district court was authorized to approve an attorney's fee in excess of twenty-five percent of the successful claimant's past-due benefits.

That Congress did not want the amount of an attorney's fees to turn on the forum in which a claim was decided is the most reasonable inference to be drawn from the 1965 and 1968 amendments of section 406. We have no reason to believe that the same desire to eliminate "inordinately large fees," which were "frequently one-third to one-half" of a claimant's past-due benefits, that prompted Congress to adopt the 1965 amendment did not also inspire the passage

---

ter, makes a determination favorable to the claimant, he shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim. If as a result of such determination, such claimant is entitled to past-due benefits under this subchapter, the Secretary shall . . . certify for payment (out of such past-due benefits) to such attorney an amount equal to whichever of the following is the smaller: (A) 25 per centum of the total amount of such past-due benefits, (B) the amount of the attorney's fee so fixed, or (C) the amount agreed upon between the claimant and such attorney as the fee for such attorney's services.

2. The pertinent portions of 42 U.S.C. § 406(b)(1) are as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

of the parallel 1968 amendment. The obvious intent of Congress was to establish a ceiling for attorney's fees that was independent of the course of the proceedings. To adopt the construction urged by the petitioner in this case would allow an attorney to recover fifty percent of his client's accrued benefits in direct contravention of congressional attempts to foreclose contingent fee arrangements of one-third to one-half. Furthermore, rejection of the petitioner's position is consistent with the decisions of the Fifth and Sixth Circuits, the only other courts of appeals that have addressed the issue. *See Webb v. Richardson,* 472 F.2d 529, 536 (6th Cir. 1972); *Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir.), *cert. denied,* 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970).

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.