**William OROSHNIK, Plaintiff,**

v.

**Richard SCHWEIKER, Secretary of HHS, Defendant.**

Civ. No. 82–739.

United States District Court,
D. New Jersey.

July 14, 1983.

**400**

Gluck & Tobin, by James Fiore, Elizabeth, N.J., for plaintiff.

W. Hunt Dumont, U.S. Atty. by Lorraine Gerson, Asst. U.S. Atty., Newark, N.J., for defendant.

Freeman & Bass by Joel M. Solow, Newark, N.J., for applicant Freeman & Bass.

## OPINION

BIUNNO, Senior District Judge.

Oroshnik filed complaint here to review the final decision of the Secretary of H.H.S. denying him retirement or old-age benefits under the Social Security Act for the year 1979. The review was under 42 U.S.C. § 405(g), and was successful. A judgment in favor of plaintiff was dated November 9, 1982, filed November 10, 1982, and entered November 12, 1982. It was silent in respect to either costs or attorneys fees.

Thereafter, the firm of Freeman & Bass, Esq. filed a notice of motion on June 10, 1983, addressed to the U.S. Attorney, for the allowance of attorney's fees. The motion was accompanied by copies of papers submitted to H.H.S. detailing the services rendered and time involved in representing claimant before the agency, correspondence indicating a request to HHS for attorneys fees and a statement of position indicating the amount of the past due benefits, that 25% of that amount had been retained, and that the application should be made to the court in the first instance. There was also an affidavit in respect to services rendered in the proceedings here. All of these papers, presumably, were intended to comply with the practice specified by the U.S. Court of Appeals in the exercise of its supervisory function, and recorded in cases such as *Lindy etc. v. American Radiator, etc.,* 540 F.2d 102 (CA–3, 1976); *Merola v. Atlantic, etc.,* 515 F.2d 165 (CA–3, 1976) and *Hughes v. Repko,* 578 F.2d 483 (CA–3, 1978).

The difficulties with the motion are manifold. The major difficulty is that by substitution dated August 31, 1982 and filed September 20, 1982, the firm of Freeman & Bass, Esqs. was replaced by the firm of Gluck & Tobin, Esqs. who made the presentation, and drafted the final judgment. Thus the first question is whether Freeman & Bass, Esqs. have any standing, i.e., can be recognized or heard, as the attorneys applying for the allowance of fees.

There can be only one attorney of record. This is true in all proceedings, civil or criminal, in both the State and Federal courts in this district. A party may have as many lawyers working on his case as he wishes, presumably so long as he is willing and able to pay them, or can stir them into championing his cause. They may do research, or interviews, or consultation, or drafting of documents, or serve any other function. But to handle the case in court, only one lawyer (or one firm of lawyers) may serve as attorney of record. Any other who appears in court to speak, whether to present argument, question witnesses or address jurors, can do so only on an "of counsel" basis to the attorney of record. This is fundamental.

Since the firm of Freeman & Bass, Esqs. is no longer the attorney of record in this case, they cannot make an application for the allowance of attorneys fees. The application for that purpose would need to be made on their behalf by the attorney of record.

The second difficulty is that the court lacks authority to make any allowance of fees here for services rendered before the Secretary. The basis for allowing the fees is found in 42 U.S.C. § 406, subsection (a) dealing with the regulation of fees before the agency and subsection (b) dealing with fees for "such representation", obviously meaning representation before the

court. The amount allowable in the aggregate, however divided, is 25% of the past benefits recovered. See, e.g., *Morris v. Soc. Sec. Admin.*, 689 F.2d 495 (CA–4, 1982).

Unlike the attorneys fees allowable under other statutes, such as 42 U.S.C. § 1988, or under the Equal Access to Justice Act, 28 U.S.C. § 2412(b), the fees authorized to be set by 42 U.S.C. § 406 are not amounts to be paid by the adversary in addition to the damages recovered under the judgment. Instead, the amounts set (subject to the maximum of 25% aggregate) are amounts authorized to be paid by the claimant/client to the lawyer out of the recovery of "past-due benefits to which the claimant is entitled by reason of such judgment."

The third difficulty is that the affidavit of the claimant/client out of whose past benefits the allowance (when authorized) is paid, opposes the allowance on the ground that he was dissatisfied with the services of Freeman & Bass, Esqs., and asked that Gluck & Tobin, Esqs. be substituted, which they were. This raises a question whether this court should make any allowance to the Freeman & Bass firm for representation before the court, to be paid out of the client's pocket.

There is also a second motion, returnable July 25, 1983, by the Gluck & Tobin firm seeking the allowance of attorneys fees for services rendered in representation before this court, supported by affidavit detailing the services and the time. By oral motion under Rule 7(b)(1), hearing on it was advanced so that both could be heard on July 11, 1983.

This application is not open to the three difficulties in the way of the Freeman & Bass motion. The applicant is the attorney of record, the application does not seek allowance for services except before this court, and the claimant/client is satisfied with the services and willing to have such fee as the court may set paid out of the recovery of past benefits (subject to the 25% maximum).

However, it faces other difficulties and these are common with further difficulties with the Freeman & Bass application.

The first of these is that the court has no information about the arrangements made with the claimant/client for compensation, subject to the statute, at the first engagement, or at the time of the substitution, or between the two law firms. In the typical case where attorneys fees are allowed (and to be paid in addition to any judgment) there are many different ways in which the presentation comes up. There may be one lawyer or law firm throughout but with more than one individual working on the case; or there may be an attorney of record rendering services as well as some other lawyer serving in another capacity in the litigation, and so on. Sometimes the allowance is made to one lawyer or firm who, in turn, allocates a proper portion to some other lawyer or firm in compliance with the Code of Professional Responsibility, see, especially DR–2–107. When the court is informed of the arrangement between the lawyers and with the party, it may make the allocation itself. In any case, those are matters usually dealing with amounts to be paid by someone other than the client and do not necessarily set the amount to be paid by the client in addition to the allowance to be paid (if at all) by the adversary.

Here, the statute controls the entire amount to be paid by the client, and limits payment in the aggregate to 25% of the past-due benefits recovered. Thus, the usual pattern is not helpful.

The other difficulty common to both motions is that of timeliness. If the motion be one to alter or amend the judgment it is governed by Rule 59, F.R.Civ.P. and paragraph (e) thereof calls for service not later than 10 days after entry, a time which may not be enlarged under Rule 6(b), F.R.Civ.P. That question came up in *White v. New Hampshire, etc.,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) in connection with an application for attorneys fees under 42 U.S.C. § 1988, where the allowance is authorized "as part of the costs". The court felt that reflected an intention on the part of Congress to bring the application on through Rule 54(d), F.R.Civ.P., and it said

that the district courts were free to set time limits by virtue of local rule.

That analysis is not helpful here because General Rule 23 of this District sets a 30 day limit for an application for costs, after which costs are taken as waived. While that time limit is no doubt serviceable where attorneys fees are allowable as part of the costs, it is doubtful that it applies here because the enabling statute, 42 U.S.C. § 406(b), makes the fees allowable "as part of the judgment", which seems to bring the application within Rule 59(e) when the judgment is silent about fees. This is not the case with costs, which are allowed to the prevailing party as of course when the judgment is silent, see Rule 54(d), F.R. Civ.P.

Relief may be available under Rule 60, F.R.Civ.P., but the moving papers are silent in this regard. Also, since the allowance, if made, does not increase the expense to the United States, the Secretary has taken no position on these unsettled questions.

The timeliness question is further complicated by the different forms in which a claimant may be successful in the court proceedings or before the Secretary.

When the Secretary denies benefits, and the judicial review culminates in a judgment vacating the final decision and remanding for further proceedings, it is doubtful that the court could pass on an application for fees other than to say that a reasonable allowance is $X., or so much thereof as does not exceed 25% of the then past-due benefits, *if ultimately allowed.* This would be no more than a contingent or hypothetical disposition because it is only rarely that such a case later returns after remand. If, on remand, the claim is still denied, no fee at all would be allowable.

On the other hand there are instances where it is possible to say, within the narrow scope of review, that the denial was erroneous and that the claim should have been allowed, as was the case here. In those proceedings, there is nothing more to be done or decided by the Secretary beyond calculating the past benefits and future benefits (which may be in different month-

ly sums). Yet, the court has no way of knowing at the time judgment is entered what the past benefits will be and so cannot calculate the 25% limit.

This is much like what occurred in *Morris v. Soc. Sec. Admn.,* 689 F.2d 495 (CA–4, 1982). There, the judicial review culminated in a remand. On the further proceedings before the Secretary, the claim was eventually allowed, as was an attorneys fee for successful representation before the agency, under 42 U.S.C. § 406(a). Since the allowance was for less than 25% of the past benefits, application was then made to the court for an allowance for representation there, and this was allowed but limited to the difference between the fee set by the Secretary for services there, and the 25% aggregate limit set by the statute. While the case unfortunately is silent on the matter of time limits for applications to the court, it is obvious that the application would have been untimely under any standard except one measured from the time when the amount of the past benefits was first set, thus making it possible to calculate the 25% limit.

■ Under these circumstances, the best that can be said is that the statute leaves timeliness of the application to be dealt with by local rule, as in *White,* supra. Contrast the Equal Access to Justice Act, which requires that the application for fees and other expenses be submitted "within thirty days of final judgment in the action", 28 U.S.C. § 2412(d)(1)(B). That statute does not apply here because the subject is covered by 42 U.S.C. § 406(b).

■ Turning to the certification of services by Freeman & Bass, Esqs., the original attorneys of record, it shows itemization of services and time totalling 3.75 hours from the preparation and filing of the complaint in this court through the execution and filing of the substitution of attorney, over the period from March 2, 1982 to September 20, 1982. Time thereafter, which involved learning the outcome, receiving and reviewing the decision of the court, amounts to 0.75 hours and cannot be counted since

plaintiff/client derived no benefit therefrom having any relation to the outcome or the amount of his past-due benefits.

The certification sets out no information about the usual and customary hourly rate of the attorney who rendered the services. Judging from the nature, extent and simplicity of the papers filed (the complaint is a single typewritten page, and the substitution is a printed form with blanks), the sum of $150. seems to be a reasonable sum for representation before the court by Freeman & Bass. (3 hours at $50. per hour).

The certification also states that the original retainer agreement made November 12, 1980 was for a "fee of 25% of all past due benefits received by the plaintiff", and it is asserted that these amount to $2,066.80, of which $516.70 is being withheld by the Social Security Administration for possible application to attorney fees if allowed by the court.

Of course, this description is to be read in the context of the provisions of 42 U.S.C. § 406, under which it means that the client agreed to pay a reasonable attorney's fee, in such amount as might be determined by the agency or by the court, as the case may be, payable only in the event that the outcome was successful and even then subject to a maximum of 25% of the past-due benefits to which the claimant was entitled. Future benefits that may ensue play no part in the calculation.

The certification of the substituted attorneys, Gluck & Tobin, Esq., details services totalling 27 hours in connection with the proceedings before this court. Of this total, time involved in sending a copy of the ruling here to the former attorney, discussing it with him, conferring with the client and engaging in phone and telephone communications with the former attorneys and negotiating their fee claim, must be excluded as this time relates to an aspect having nothing to do with the outcome of the case or establishing the past-due benefits to which claimant was entitled by reason of the suit here. These items aggregate 2.25 hours, and their deduction leaves a net time of 24.75 hours. The items appear reasonable,

the papers filed or submitted reflect the effort involved, and the court is naturally aware of the time involved in coming to court on the date set for oral argument, waiting to be reached, and presenting argument.

This second certification discloses that the agreed rate arrived at with plaintiff was $95. per hour. Of course, this is also to be read in the context of 42 U.S.C. § 406, as outlined above. In comparison with the $50. per hour rate used for the relatively simple tasks performed up through substitution, the rate agreed on appears reasonable since a higher level of professional skill was called for during the briefing and argument stages. The court sets the amount of $2,351.25 as a reasonable allowance for the services rendered in this court by Gluck & Tobin, Esqs.

The combined sum of $150. and $2,351.25, or $2,501.25, is treated as an allowance to the attorney of record, Gluck & Tobin, Esqs., who are authorized to divide the same with Freeman & Bass Esqs., by paying them $150.00 thereof.

However, these figures are necessarily tentative since the base on which the 25% limit must be calculated is not known at this time.

The original claim for retirement insurance benefits, filed December 7, 1978 at the Plainfield Branch Office shows that it was filed not only for Mr. Oroshnik, but, by checking the "Yes" box on page 3, it was also filed to protect his wife's right to social security benefits as she was already 62 and was eligible on his earnings record. See Exh. 1, Transcript pp 77–80. Also, the decision of the ALJ mailed September 22, 1981 dealt with both Mr. Oroshnik's benefits and his wife's benefits, and while it was a denial generally for the calendar year 1979, it did find an entitlement to benefits for the months of March, June, August and October, which amount to a combined recovery for both of $1,462.10 compared to the earlier complete denial.

Presumably, application may be made to the Social Security Administration under 42

U.S.C. § 406(a) for an allowance based on that figure as the base for the 25% maximum for services before the agency, but the court has no voice in that aspect and expresses no opinion on it. However, if that sum is one successfully recovered in the proceedings before the agency, it will need to be deducted from the total amount of past-due benefits to which Mr. & Mrs. Oroshnik were entitled to receive by reason of the judgment here. The amount cannot be counted twice.

The attorney of record will accordingly need to obtain a certification from the Social Security Administration to establish the amount of the past-due benefits to which Mr. & Mrs. Oroshnik became entitled by reason of the judgment here, as of the date the judgment was entered, which was November 12, 1982. *No benefits accruing or payable thereafter* are to be included since they are future benefits after judgment, not past-due benefits.

The controls and limitations placed in 42 U.S.C. § 406 at various times are shown by the legislative history to reflect a concern by Congress that claimants be protected against any obligation to pay other than reasonable fees, and in no event not more than 25% of past-due benefits. The court takes care to see that this objective is achieved.

No order fixing the precise allowance can be entered until the certification is received. A form of order may be submitted at the same time the SSA certification is served on the U.S. Attorney and filed. In the event that the 25% limit be less than the amounts mentioned above, after deduction for such past-due benefits for which entitlement was established by the agency decision, then the allowance shall be reduced to that limit, and the authority to divide with the original attorney of record shall be prorated accordingly.