**Ivona KEMP, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**Civ. A. 82–2250.**

United States District Court, W.D. Pennsylvania, Pittsburgh Division.

May 24, 1984.

Robert N. Peirce, Jr., Pittsburgh, Pa., Frank J. Neff, Barkan & Neff Co., L.P.A., Columbus, Ohio, for plaintiff.

Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

SIMMONS, District Judge.

This is a petition for Court approval of reasonable attorney fees to the prevailing attorneys in a social security disability case.

### I.

### Background.

The claimant, Ivona Kemp, by her attorneys, filed a complaint to review the final decision of the Secretary of Health and Human Services denying her claim for disability insurance benefits. This review was successful and judgment was entered for the claimant. Thereafter, the prevailing attorneys submitted a petition for attorney fees in the amount of $2,881.10. This figures represents 25% of the past-due benefits awarded the claimant and the amount negotiated by the claimant and her attorneys as compensation for their services. In support of their application for fees, the attorneys submitted a detailed statement of the time expended pursuing both administrative and judicial remedies, a contingent fee agreement between the claimant and her attorneys, and the Social Security Award Certificate issued by the Secretary.

After reviewing the petition for attorney fees and the accompanying documentation, the United States Magistrate issued a report and recommendation reducing the amount of the attorney fees to $1,242.50.

Reasoning that a court may only approve attorney fees for the time devoted exclusively to prosecuting an action before the district court, the magistrate disallowed attorney fees for the time devoted to prosecuting the claim before the Social Security Administration. Relying on the strength of *Morris v. Social Security Administration*, 689 F.2d 495 (4th Cir.1982), and *Oroshnik v. Schweiker*, 569 F.Supp. 399 (D. N.J.1983), the magistrate believed it improper for the court to consider a request for fees generated before the administrative agency. A request for such fees, reasoned the magistrate, must be approved by the appropriate agency, not the court. This court does not agree.

## II.

### Authority to Award Attorney Fees.

 The sole question raised by this petition for attorney fees is whether a district court is empowered to include services performed before the Secretary in the court's award of reasonable attorney fees? The short answer is yes. Although this issue has not yet been addressed by the Third Circuit Court of Appeals, the respective powers of the courts and the Secretary to consider an attorney's efforts in all forums has been addressed by other circuits.

The Fourth Circuit Court of Appeals has previously held that a district court may not consider services rendered before the Social Security Administration in its determination of a reasonable attorney fee; the Secretary alone is vested with the power to make awards for services rendered before the administration. *See generally, Morris v. Social Security Administration*, 689 F.2d 495, 497 (4th Cir.1982); *Whitt v. Califano*, 601 F.2d 160, 161–62 (4th Cir.1979); *McKittrick v. Gardner*, 378 F.2d 872 (4th Cir.1967). The Fourth Circuit is not alone in its view. Following the Fourth Circuit's lead, other courts have similarly held that the district court lacks the authority to make allowance for an attorney's services rendered before the Secretary. *See Gard-*

*ner v. Menendez*, 373 F.2d 488 (1st Cir. 1967); *Oroshnik v. Schweiker*, 569 F.Supp. 399, 400–01 (D.N.J.1983).

The Sixth Circuit Court of Appeals has, however, expressly rejected the Fourth Circuit's view and adopted a rule that is easy to apply, promotes economy of effort and, most importantly, carries out the intendment of Congress. Addressing this same issue, the Sixth Circuit, in *Webb v. Richardson*, 472 F.2d 529, 536 (6th Cir.1972) has held that "[t]he tribunal making [an attorney fees] award can consider all services performed by the attorney from the time the claim was filed with the Social Security Administration" until the claim is resolved and the award is made. The Sixth Circuit's construction is a better view of the law and is accordingly adopted by this Court.

Prior to 1965, the Secretary was authorize to set a maximum fee an attorney could charge for his representation of a claimant before the Administration. *See* Social Security Act, 42 U.S.C. § 406 (1964). The pre-1965 Act provided no maximum attorney fees other than that fixed by the Secretary. There were no provisions in the Social Security Act authorizing a court to award attorney fees for the prosecution of a successful claim before the court. Hence, the attorney and his client were free to negotiate the attorney fees for in-court representation. Absent legislation governing attorney fees for in-court representation attorneys were negotiating "inordinately large fees" under contingent fee agreements. Often an attorney would charge a fee for representing the claimant before the Secretary and a separate fee for in-court representation. *See* S.Rep. No. 404, 89th Cong., 1st Sess., *reprinted in* 1965 U.S.Code Cong. & Ad.News, 1943, 2062. In 1965 Congress addressed this problem.

In 1965, Congress passed legislation limiting the award of attorney fees for in-court representation to 25% of the claimant's past-due accumulated benefits.[1] Fol-

---

1. The 1965 amendment to the Social Security Act provides that:

lowing the 1965 amendment, attorneys were still able to receive more than 25% of a successful claimant's past-due benefits because the 25% limitation applied only to in-court representation. Under the 1965 amendment, the Secretary retained the authority to award attorney fees in addition to the 25% awarded by the courts. In 1968, however, Congress imposed additional restrictions on the Secretary's authority to award attorney fees.[2]

■ After the 1968 amendment, neither the district court nor the Secretary could collectively award attorney fees in excess of 25% of the claimant's past-due benefits. *See Morris v. Social Security Administration,* 689 F.2d 495, 497 (4th Cir.1982); *Webb v. Richardson,* 472 F.2d 529 (6th Cir.1972); *Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir.), *cert. denied,* 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970). By this legislation, Congress intended to establish a 25% ceiling on attorney fees irrespective of the forum in which the claimant prevailed.

Although some pre-1968 court decisions have held that a court awarding attorney fees could not consider the attorney's services preformed before the Secretary, Congress did not explicitly address that question in its 1968 legislative amendment. The Fourth Circuit's ruling that a district court lacked the authority to consider an attorney's services before the Secretary was established in 1967, a year before Congress passed the 1968 amendment. *See McKittrick v. Gardner,* 378 F.2d 872 (4th Cir.1967). In *McKittrick,* the Fourth Circuit ruled that the power to make awards for services before the Administration rested solely with the Secretary. *Id.* at 876. After Congress amended the Act in 1968, the Fourth Circuit continued to follow that view without regard to the 1968 amendment. *See Whitt v. Califano,* 601 F.2d 160, 161 (4th Cir.1979); *Morris v. Social Security Administration,* 689 F.2d 495, 497 (4th Cir.1982).

Presently, the Sixth Circuit is the only post-1968 Circuit Court of Appeals that has specifically addressed the respective powers of the Secretary and the courts to award attorney fees in light of the 1965 and the 1968 amendments to the Social Security Act. *See Webb v. Richardson,* 472 F.2d 529 (6th Cir.1972). The *Webb* court expressly rejected the Fourth Circuit's view that a court lacked authority to consider an attorney's services before the Secretary in awarding attorney fees. *Id.* at 536. For the reasons expressed in the *Webb* decision, this Court adopts the Sixth Circuit's view that a court may take an attorney's services before the Secretary into account when passing on the reason-

---

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Social Security Act, 42 U.S.C. § 406(b)(1) (1965).

2. The 1968 amendment to the Social Security Act provides that:

The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services preformed in connection with any claim before the Secretary.... Whenever the Secretary, in any claim before him under this subchapter, makes a determination favorable to the claimant, he shall, if the claimant was represented by an attorney in connection with such claim, fix ... a reasonable fee to compensate such attorney for the services performed by him in connection with such claim. If as a result of such determination, such claimant is entitled to past-due benefits under this subchapter, the Secretary shall ... certify for payment (out of such past-due benefits) to such attorney an amount equal to whichever of the following is the smaller: (A) 25 per centum of the total amount of the past-due benefits, (B) the amount of the attorney's fee so fixed, or (C) the amount agreed upon between the claimant and such attorney as the fee for such attorney's services.

Social Security Act, 42 U.S.C. § 406(a) (1968).

ableness of an attorney fees award. This is the far better view of the law.

First, it must be noted, Congress has never imposed restrictions on the Secretary's or the court's authority to award attorney fees for services rendered before the other tribunal. The 1965 and the 1968 amendments to the Social Security Act merely limited the maximum amount of an attorney's award. After, 1968, the Secretary nor the courts were authorized to approve an attorney's fee total award in excess of 25% of a claimant's past-due benefits. On this point, both circuits addressing the question agree. *See Morris* 689 F.2d at 497; *Webb,* 472 F.2d at 536.

In addition, "simplicity and clarity" militates in favor of the Sixth Circuit's "straightforward" approach. If the tribunal making the award is permitted to consider the attorney's services rendered before another tribunal, the fee can be determined in one proceeding, thereby eliminating duplication of effort by the attorney and the tribunals. *Webb,* 472 F.2d at 536. The Sixth Circuit's approach also eliminates the redundancy of requiring an attorney to file fee petitions with both the district court and the Administration, and eliminates the necessity of one tribunal awaiting the other's determination in order to keep the attorney's total award below the 25% maximum limitation. Most importantly, however, this approach effectuates the intendment of Congress that attorney fees be limited to 25% of the claimant's past-due benefits. Permitting a single tribunal to consider the attorney's entire services rendered, best assures that the aggregate award will not exceed the congressionally imposed limit.

■ For these reasons, this Court holds that, in making an award of attorney fees, it may award fees for services rendered by an attorney before the Social Security Administration. Likewise, were the attorneys before the Administration, the Secretary would be empowered to consider and award fees to attorney's for work performed in the district court.

## III.

### Reasonableness of Award.

■ Although the magistrate in this case made no specific finding of reasonableness in calculating the attorney fees, the magistrate noted that this Court in previous cases has awarded fees at a rate of $70.00 per hour. Considering the complexity and the type of case, the nature of the services rendered, the time expended, and the level of skill, experience and competence required to achieve a successful result, this Court concludes that a rate of $70.00 per hour is a reasonable rate for this case. In this regard, this Court notes that the successful result obtained in this case was achieved largely through the diligent efforts of the prevailing attorneys.

■ The attorneys have submitted a detailed itemization of time expended in successfully representing the claimant before the administrative agency and before this Court. The total time expended was 54.75 hours. At a rate of $70.00 per hour, the attorneys would normally be entitled to $3832.50 as a reasonable fee. However, Congress has limited the amount of fees to be awarded to the prevailing attorneys to "(A) 25 per centum of the total amount of ... past-due benefits, (B) the amount of attorney's fee [fixed by the Secretary], or (C) the amount agreed upon between the claimant and such attorney as the fees for such attorney's services," whichever amount is *smaller.* 42 U.S.C. § 406(a). In this case the Secretary has determined the past-due benefits awarded to the claimant to be $11,524.40. Before the claimant's award was made the Secretary withheld 25% ($2,881.10) pending a determination of reasonable attorney fees by this Court. Also, the claimant and her attorneys entered into a contingency fee agreement which provides that the attorneys will be compensated at a sum equal to 25% of the claimant's past-due benefits. Since $3,832.50, which represents the time expended multiplied by a rate of $70.00 per hour, exceeds the maximum fee permitted by Congress, the attorneys in this case are

only entitled to 25% of the claimant's past-due benefits or the amount provided in the contingency fee agreement, whichever is less. In this case, the amounts are the same; therefore, the attorneys are entitled to $2,881.10, which is a reasonable fee for the services rendered.