**Roselia SNIZASKI, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**Robert J. ANDREWS, Plaintiff,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**William W. GEARY, Plaintiff,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. Nos. 83–1414, 83–1984 and 83–2410.**

United States District Court, W.D. Pennsylvania.

Jan. 31, 1985.

---

Robert N. Peirce, Jr., Pittsburgh, Pa., for plaintiff in No. 83–1414.

Amiel B. Caramanna, Jr., Pittsburgh, Pa., for plaintiff in Nos. 83–1984, 83–2410.

Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, Chief Judge.

Before the Court are petitions for attorney's fees in social security disability cases which raise two issues: 1) are the district courts authorized to award attorney's fees for services before the Social Security Administration; 2) are the fees requested reasonable.

### Services before the agency

In each case the claimant prevailed before the court and the attorney filed a petition for twenty-five percent (25%) of the past-due benefits for services before the agency and the court. The Secretary takes the position that the district courts lack jurisdiction to award attorney's fees for representation at the administrative level. The Secretary maintains that counsel must petition the Social Security Administration for payment of fees for services provided during administrative proceedings.

The Social Security Act, as amended in 1968, authorizes the Secretary to set a fee for services before the agency.

The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed

in connection with any claim before the Secretary under this subchapter, and any agreement in violation of such rules and regulations shall be void. Whenever the Secretary, in any claim before him under this subchapter, makes a determination favorable to the claimant, he shall, if the claimant was represented by an attorney in connection with such claim, fix ... a reasonable fee to compensate such attorney for the services performed by him in connection with such claim. If as a result of such determination, such claimant is entitled to past-due benefits under this subchapter, the Secretary shall ... certify for payment (out of such past-due benefits) to such attorney an amount equal to whichever of the following is the smaller: (A) 25 per centum of the total amount of the past-due benefits, (B) the amount of the attorney's fee so fixed, or (C) the amount agreed upon between the claimant and such attorney as the fee for such attorney's services.

42 U.S.C. § 406(a).

The Act, as amended in 1965, authorizes the district courts to award a fee for services before the court.

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1).

The Court of Appeals for this Circuit has not decided whether the district courts

have the power to award fees for services before the agency. *Reid v. Heckler*, 735 F.2d 757, 761 n. 3 (3d Cir.1984). The other Courts of Appeals that have addressed the power of the district courts under section 406 have reached different results. The Fourth and Ninth Circuits have held that the Secretary alone is empowered to award fees for services before the agency. *Morris v. Social Security Administration*, 689 F.2d 495, 497 (4th Cir.1982); *MacDonald v. Weinberger*, 512 F.2d 144, 146 (9th Cir. 1975). The Sixth Circuit has held that the tribunal that ultimately upholds the claim for benefits is the only tribunal that can approve and certify payment of attorney's fees. *Webb v. Richardson*, 472 F.2d 529, 536 (6th Cir.1972).

The district courts in this Circuit, in the reported decisions, have also reached differing results. *Oroshnik v. Schweiker*, 569 F.Supp. 399, 400 (D.N.J.1983) held the district courts lack authority to award fees for services before the agency. *Kemp v. Schweiker*, 587 F.Supp. 778, 780 (W.D.Pa. 1984) followed the Sixth Circuit decision in *Webb v. Richardson* and found the district courts authorized to award fees for services before the agency.[1]

The statutory language indicates that the district courts do not have authority to award attorney's fees for services before the agency. 42 U.S.C. § 406(b)(1) provides "whenever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation ..." The phrase "such representation" has been held to "obviously mean[ ] representation before the court." *Oroshnik v. Schweiker*, 569 F.Supp. at 400–401.

42 U.S.C. § 406(a) authorizes the Secretary to prescribe maximum fees for servic-

---

**1.** Although the court in *Kemp* presumably found that its power to award fees for services before it and the agency derived from section 406(b)(1), it then went on, without discussion, to determine the reasonableness of the entire

fee requested, for services before the court and the agency, under the "whichever is smaller" test in section 406(a) governing the Secretary's determination of a fee for services before the agency.

es before the Secretary. Identical language in another Title of the Act has been held to authorize the Secretary to prescribe maximum fees for services in the administrative process and "not [to] authorize the Secretary to exercise any function with respect to fees for services in the courts." *Reid v. Heckler,* 735 F.2d at 762.

The Sixth Circuit approach of one tribunal awarding fees furthers several policies: simplicity and clarity in application, assurance that the aggregate fee does not exceed the statutory maximum, and elimination of redundancy. However, the language of the statute suggests that Congress intended to fulfill another policy: that each forum is in the best position to assess the value of counsel's services to the client as it observed those services in the proceedings before it.

For the foregoing reason this Court concludes that it is without authorization to award fees for services before the Social Security Administration and can consider only the services before it.

*Reasonable fees*

 The Social Security Act authorizes the court to award a reasonable fee for services before the court, not to exceed twenty-five percent (25%) of the past-due benefits. 42 U.S.C. § 406(b)(1). Routine approval of the statutory maximum should be avoided in all cases. *Redden v. Celebrezze,* 370 F.2d 373, 376 (4th Cir.1966).

In general, the reasonableness of court-awarded attorney's fees is determined under the criteria set forth in *Lindy Bros. Bldrs., Inc. v. American Radiator & Standard Sanitary Corp.,* 487 F.2d 161 (3d Cir.1973) and its progeny. *Lindy* requires consideration of the number of hours that should reasonably have been devoted to the case, a reasonable hourly rate, the contingent nature of the case and the quality of services. *See In re: Fine Paper Antitrust Litigation,* 751 F.2d 603 (3d Cir.1984). *See also* 20 C.F.R. § 404.1725(b) for factors considered by the Secretary when evaluating a request for approval of a fee for services before her.

The fee petition must accurately itemize the hours spent on specific activities. *Lewis v. Secretary HHS,* 707 F.2d 246 (6th Cir.1983); *see also* Fed.R.Civ.P. 11. ("The signature of an attorney ... constitutes a certificate by him that he has read the ... motion, ...; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact ..."). The time spent preparing the fee petition does not benefit the claimant and cannot be compensated. *Whitt v. Califano,* 601 F.2d 160, 161 n. 2 (4th Cir.1979). Hourly billing rates for different services and information from which a contingency factor can be determined must also be provided.

Because the fee petitions submitted do not provide a basis for the required *Lindy* determination, they will be denied without prejudice and counsel may file amended fee petitions.

It may be that counsel·representing successful claimants in social security disability cases should be awarded a straight twenty-five (25%) of the past-due benefits for services before the agency and the court. That decision, however, must come from Congress and not this Court.

Appropriate orders will be entered.