**Charles CAMPBELL, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 84–0273.**

United States District Court, M.D. Pennsylvania.

March 12, 1985.

Daniel Stern, New Bloomfield, Pa., for plaintiff.

Harry A. Nagle, Asst. U.S. Atty., Lewisburg, Pa., for defendant.

## MEMORANDUM

HERMAN, District Judge.

Before this court is a motion for attorney fees and costs by plaintiff and his counsel for the counsel's services in pursuing plaintiff's social security disability action. Because we believe that neither party has adequately addressed or briefed the statutory bases for plaintiff's motion, we will set forth the applicable legal standards and apply them to this action.

## I. APPLICABLE LAW

### A. Social Security Act

Two statutory methods, which are not mutually exclusive, exist by which the attorney of a successful social security disability claimant can obtain compensation. Under the first method, when a claimant receives a favorable determination, counsel may obtain a fee not in excess of twenty-five percent of the total past-due benefits. 42 U.S.C. § 406. Subsection (a) authorizes the Secretary to certify the twenty-five percent maximum of past due benefits as fees for the counsel who successfully represents the claimant before the agency. Similarly, subsection (b) authorizes the court to make such a fee award for the attorney who successfully represents the claimant before the court.

In applying subsections (a) and (b), a question that has divided the courts is whether a district court can include an award of services performed before the Secretary in the court's award of attorney fees. The Fourth and First Circuits have held that the Secretary alone is empowered to make fee awards for services performed before the agency. *Morris v. Social Security Administration*, 689 F.2d 495 (4th Cir.1982); *Gardner v. Menendez*, 373 F.2d 488 (1st Cir.1967). The Sixth Circuit, however, has rejected this view. "[T]he Sixth Circuit, in *Webb v. Richardson*, 472 F.2d 529, 536 (6th Cir.1972) has held that '[t]he tribunal making [an attorney fees] award can consider all services performed by the attorney from the time the claim was filed with the Social Security Administration' until the claim is resolved and the award is made." *Kemp v. Schweiker*, 587 F.Supp. 778, 780 (W.D.Pa.1984). The United States District Court for the Western District of Pennsylvania has adopted the Sixth Circuit's construction as being easy to apply, promoting economy of effort, and carrying out Congress' intent to limit contingency fee awards. *Id.*[1]

We concur with the *Kemp* court in finding that we are empowered to award counsel fees for services performed before the agency, in addition to those services performed before the court, as long as the total fee does not exceed twenty-five percent of the past-due benefits. Nevertheless, we will award such fees only when it is our judgment that results in the payment of back benefits. If the claimant succeeds at the agency level, either on initial application or upon remand by the district court, the claimant's counsel should look to the agency first for his fee award for his services performed before the Secretary. *See Davis v. Secretary of Health, Education & Welfare*, 320 F.Supp. 1293, 1296 (N.D. Miss.1970) (district court may award fees for services performed before it in addition to fees for administrative representation but counsel should apply to the Secretary first).

### B. Equal Access to Justice Act

The second statutory provision that justifies an award of attorney fees is the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Supp.1984).[2] Under the EAJA, a *prevailing* claimant may recover attorney fees from the Government if the Secretary's position was not substantially justified and no special circumstances make an award unjust. *Tressler v. Heckler*, 748 F.2d 146, 148–149 (3d Cir.1984).[3] Section

---

1. Regardless of whether the district court can grant fees for services performed before the Secretary, at no point can the court and the Secretary collectively award attorney fees in excess of twenty-five percent of the claimant's past-due benefits. *Morris*, 689 F.2d at 497; *Webb*, 472 F.2d at 536; *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir.), *cert. denied*, 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970); *Kemp*, 587 F.Supp. at 781.

2. While the EAJA expired on October 1, 1984, the Act remains a valid conduit for fee petitions since the Act continues to apply "through final disposition of any action commenced before the date of repeal." Pub.L., 98–481, Section 204(c).

3. Work performed by counsel at the administrative level in a social security disability action, however, is not compensable under the EAJA. *Miller v. United States*, 753 F.2d 270, 275 n.3 (3d Cir.1985); *Watkins v. Harris*, 566 F.Supp. 493, 497 (E.D.Pa.1983).

406's provisions do not preclude an award of counsel fees under the EAJA. *Watkins v. Harris*, 566 F.Supp. 493 (E.D.Pa.1983); *Smith v. Secretary of Health and Human Services* No. 83–0182, slip op. at 3 (M.D.Pa. April 17, 1984).

## II. ANALYSIS

Having reviewed the two pertinent statutory authorizations enabling the court to grant attorney fees and expenses, we turn to plaintiff's application for attorney's fees and expenses. Plaintiff filed his application pursuant to the EAJA, 28 U.S.C. § 2412, seeking to recover $3,172.50 in attorney fees for 42.3 hours[4] of services performed before the Secretary and this court.[5] Moreover, plaintiff's counsel asks that the balance, if any, of his fee application that is not granted by the court be approved by us to be paid from the twenty-five percent of the benefits withheld by the Secretary.

Plaintiff's fee motion is clumsily framed, which makes it difficult for us to review. Although plaintiff does not articulate his position, it is our opinion that plaintiff seeks to pay his counsel *first* from fees paid by the Government under the EAJA. The balance that is not awarded under the EAJA, if any, plaintiff then seeks to have paid from the past-due benefits withheld by the Secretary pursuant to 42 U.S.C. § 406(b). In response, the Secretary claims that plaintiff is not a prevailing party and that fees incurred for services performed before the agency are not compensable under the EAJA. The Secretary has failed to offer any comments regarding plaintiff's alternate request for fees paid from the past-due benefits fund.

Turning first to the claim for attorney fees pursuant to the EAJA, we reiterate that fees cannot be awarded under the EAJA for services performed before the Secretary. *Miller v. United States of America*, 753 F.2d 270, 275 n. 3 (3d Cir. 1985). From counsel's statement of hours

expended, we find that counsel expended 16.9 hours in services before us. The Secretary has not contested the reasonableness of these hours and we do not find the amount to be unreasonable.

■ As to the Secretary's claim that plaintiff has not prevailed, we find no merit to this defense. Our prior order clearly directed that plaintiff was entitled to disability benefits from April 14, 1982. The only aspect of the case that was remanded to the Secretary was to determine if the disability had existed even earlier. Under the applicable standards, plaintiff was the prevailing party. *Brown v. Secretary of Health & Human Services of The United States*, 747 F.2d 878 (3d Cir.1984).

■ We observe that the Secretary has not argued that its position was substantially justified, which is its burden of proof. *Dougherty v. Lehman*, 711 F.2d 555 (3d Cir.1983). Additionally, as our prior memorandum indicates, the Secretary would be unable to justify its position in light of the overwhelming evidence in plaintiff's favor.

■ Finally, plaintiff's counsel seeks to be reimbursed at a rate of $75.00 per hour. Again, the Secretary has not contested the reasonableness of this hourly rate. In light of the experience of plaintiff's counsel and of the affidavits presented by counsel in support of his requested fee, we find the suggested hourly rate to be reasonable. *See Cunningham v. City of McKeesport*, 753 F.2d 262 (3d Cir.1985) (uncontradicted hourly rate that is within normal billing rate should not be decreased).

Thus, pursuant to the EAJA, we find that plaintiff's counsel is entitled to be reimbursed for the 16.9 hours he expended before this court at a rate of $75.00 per hour for a total of $1,267.50.

■ We now address plaintiff's request for attorney fees pursuant to 42 U.S.C. § 406(b). As noted above, we believe the better view of the law to be that we are

---

**4.** Of the 42.3 hours, 16.9 hours represented the time expended before this court.

**5.** Plaintiff also seeks recovery for $250 in expert fees for a vocational specialist who testified at the administrative hearing.

*able* to award attorney fees for services performed before the Secretary, in addition to those services performed before the court, in accordance with § 406. *See Webb*, 472 F.2d at 536; *Kemp*, 587 F.Supp. at 780. Nevertheless, in appropriate circumstances, we will retain the discretion to refer the issue of attorney fees to the Secretary for her consideration because she may be better suited to determine the quality of representation and the reasonableness of a fee request.

In the present case, we believe we are capable to make a fee award for the services counsel performed both before the Secretary and us. However, because counsel has already been compensated for his services before us under the EAJA, we do not find a further award for district court services to be justified.

As to counsel's activities before the Secretary, counsel seeks reimbursement for 25.4 hours, at $75.00 per hour, in addition to $250.00 for an expert fee.

First, the plain wording of the statute permits the entry of a judgment for a reasonable fee for *representation*. We see no provision for an additional award of costs or expenses and, thus, we will not award them.

From our review of counsel's time claims, we find the hours expended in preparation and activity before the agency to be reasonable. Having already found counsel's hourly rate to be reasonable, we will award a fee of $1,905.00 (25.4 hours × $75.00 per hour). This award is conditional upon its not exceeding twenty-five percent of plaintiff's past-due benefits.

An appropriate order will be entered.