Sherman S. ATKINSON

v.

Margaret M. HECKLER, Secretary of Health & Human Services.

Civ. A. No. 84–1009.

United States District Court,
W.D. Pennsylvania.

Sept. 23, 1985.

John McTiernan, McArdle, Caroselli, Spagnolli, Beachler, Pittsburgh, Pa., for plaintiff.

Anthony M. Mariani, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

MEMORANDUM OPINION

GERALD J. WEBER, District Judge.

Plaintiff received a favorable decision in his appeal from the Secretary's denial of his application for disability insurance benefits. Plaintiff's counsel now seeks approval of $3,878.45 in attorney's fees. He has not included a copy of the Social Security Administration's award certificate which sets forth how much of the award has been withheld for attorney's fees. He has stated in his motion[1] however, and the United States Attorney agrees, that the amount withheld is

---

1. On the first page of counsel's motion and in his proposed order, he requests the amount above. On the second page, labelled "Petition to Obtain Attorney's Fees" which lists his hours, he requests approval of a fee of $3,989.45. We will use the first figure with which the Secretary concurs. To avoid such possible mistakes in the future, counsel should include a copy of the Administration's award certificate in their motions.

$3,878.45 and that this is 25% of the past due benefits.

■ The Secretary has since submitted a brief opposing the motion for approval of attorney's fees. She does not challenge the reasonableness of the hours counsel spent before the court. She does oppose any award of attorney's fees for time spent on administrative proceedings, which constitutes about half of counsel's time as listed. Her brief directs us to conflicts among the circuits, and even among the members of this court, over whether to award attorney's fees for representation before the Administration. *Cf., e.g., Webb v. Richardson,* 472 F.2d 529 (6th Cir.1972) and *Morris v. Social Security Administration,* 689 F.2d 495 (4th Cir.1982); *Kemp v. Schweiker,* 587 F.Supp. 778 (W.D.Pa. 1984) and *Snizaski v. Heckler,* 602 F.Supp. 1119 (W.D.Pa.1985). The rationale behind the opinions favoring the award of attorney's fees by the court for representation before the Secretary and vice versa is that it avoids duplication of effort by attorneys seeking fees and by courts and the Secretary in determining fees. It is also argued to be the simplest method of assuring that the statutory 25% fee ceiling is not exceeded. We do not question the idea that such goals should be pursued by any tribunal as a matter of course. We do not subscribe to this position, however, for two reasons.

The first, and in our view, decisive, reason is the clarity of the statutory language. The provision for fee awards, 42 U.S.C. § 406, is divided into two subsections. Subsection (a) states that:

Whenever the Secretary, in any claim *before him* for benefits under this subchapter, makes a determination favorable to the claimant, he shall, if the claimant was represented by an attorney in connection with *such claim* fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for services performed by him in connection with *such claim.*

The following subsection, (b)(1) provides that:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented *before the court* by an attorney, the court may determine and allow as part of *its judgment* a reasonable fee for *such representation....* (our emphasis).

In dividing these provisions for fee payments into two discrete sections, and inserting the limiting language emphasized above, we believe Congress chose to keep fee awards in the two different forums separate.

The second reason for distinguishing the source of fee awards is that we learn very little about the lawyer's performance before the Secretary from the record we see, and vice versa. We thus simply are not in a sound position to gauge his or her competence in any proceeding outside this court. Furthermore, the Secretary has promulgated regulations to govern awards of attorney's fees. *See* 20 C.F.R. § 404.1720–1730. The Secretary's standards differ to some extent from ours in form and content, which is appropriate, since some different skills are involved in representation at the two levels. There is no corresponding task at the administrative level, for example, to preparing a summary judgment brief in this court. We therefore will award attorney's fees only for time spent before this court. We will not award any fees for time spent preparing the fee petition; this time does not benefit the client. Plaintiff's counsel must seek from the Secretary any fees for work at the administrative level.

Plaintiff's counsel has not stated his hourly rate. We have roughly divided the total number of hours into $3,878.45, the amount set aside, which gives us a figure of $93. We will multiply this hourly rate by 22 hours, the time counsel spent on proceedings before this court, to arrive at a fee award.