**Archie L. LAM, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 89–0081–H.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

April 19, 1995.

C. Waverly Parker, Standardsville, VA, for plaintiff.

Robert P. Crouch Jr., Richard A. Lloret, Asst. U.S. Atty., Roanoke, VA, for defendant.

### MEMORANDUM OPINION

CRIGLER, United States Magistrate Judge.

This action is before the court on the petition of plaintiff's counsel for an award of attorney's fees. The petition is unique in this court's experience. It seeks an award of $1595.00 for what clearly represents court-related legal services plus any portion of the $9,594.75 which counsel has sought before the Secretary but which may not be ap-

proved by the Secretary, subject to a maximum of 25% of plaintiff's past due benefits.[1] The Secretary does not oppose an award of $1595.00 or 25% of plaintiff's past benefits, whichever is less, to compensate counsel for his court-related services. Counsel does not believe the Secretary's position before the court is as generous as it appears, and he contends that the Secretary misconceives the precise nature of his fee petition.

Most if not all the questions raised in this case have been settled by the Court of Appeals for the Fourth Circuit in *Craig v. Secretary of Health and Human Services*, 864 F.2d 324 (4th Cir.1989). That case established three important considerations:

1) A fee must be reasonable irrespective of the underlying contractual relationship between the plaintiff and counsel. Thus, irrespective of what the fee agreement might provide, the court has a duty to allow only a reasonable fee.

2) The statutory provision relating to 25% of the past due benefit establishes a cap or limit on the amount of fee that can be allowed by the court.

3) The court is obliged to perform a lodestar analysis in determining the reasonableness of the fees subject to enhancement for risks associated with the contingency nature of the case.

It also is well settled that, under 42 U.S.C. § 406, a district court is empowered to make fee awards only for services rendered in the judicial proceedings and has no authority to award fees for services rendered on the administrative level. *Morris v. Social Sec. Admin.*, 689 F.2d 495 (4th Cir.1982). Therefore, the court is required to assess a reasonable fee irrespective of the fee agreement between the plaintiff and counsel, and the award is to compensate counsel only for his/her court-related services, not to exceed 25% of plaintiff's past due benefits.

Applying those principles here, the court first observes that by seeking a fee for court-related services plus a yet-to-be deter-

1. According to plaintiff's undisputed calculations, the past due benefits amounted to $36,-700.00, 25% of which would be $9,175.00. The fee agreement between plaintiff and counsel appears to provide a minimum of 25% and a maximum of 50% of past due benefits.

mined amount based upon services before but not approved by the Secretary, the plaintiff essentially is asking the court to award fees it has no jurisdiction to award. To put it differently, plaintiff wishes the court to add to any award of court-related fees that portion of the administrative fees the Secretary fails to approve so long as the combination of court-related and administrative fees does not exceed the 25% cap. The court declines the invitation because the request is at odds with both the statute and decisional authority thereunder. As a result, this court will consider only so much of the request that relates to efforts expended on judicial review.

Counsel for plaintiff has documented 5.8 hours of court-related time. The Secretary does not challenge the reasonableness of that time. Moreover, the Secretary does not challenge the reasonableness of counsel's hourly rate of $275.00. Under *Craig,* the appropriate lodestar fee which is calculated by multiplying the reasonable amount of time spent rendering court-related services by the reasonable hourly rate, would be $1595.00.

Then, the question becomes whether to enhance the lodestar based upon the risks associated with the contingency nature of the case. The court declines to do so here for two reasons. First, counsel's hourly rate, though not challenged by the government as unreasonable, far exceeds the usual hourly rate charged in cases of this character. The usual rate ranges between $150.00 and $175.00 per hour.[2] Second, and of greater importance, counsel for plaintiff has not demonstrated to the court in any pleading or paper why the hourly rate of $275.00 should be enhanced.

Accordingly, an order will enter awarding counsel fees to plaintiff under 42 U.S.C. § 406 in the amount of $1595.00 to be paid according to law, without prejudice to the pursuit of an award of counsel fees before the Secretary for counsel's administrative services.

---

**2.** Mr. Parker should be recognized, however, as a preeminent attorney in the Social Security field, which might justify a higher hourly rate than the "run-of-the-mill" attorney. Nevertheless, $275.00 per hour is a rate this court believes builds in some contingency risk.