**Donald and Millie BERMAN, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. C80–2319.

United States District Court, N. D. Ohio, E. D.

March 18, 1982.

Donald Berman, pro se.

---

Glenn L. Archer, Jr., Asst. Atty. Gen., U. S. Dept. of Justice, Tax Div., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

This matter is now pending before the Court on plaintiffs' Application for Award of Costs and Fees against the United States; see Local Civil Rule 3.01(3).

For the reasons set forth below, plaintiffs are awarded their costs in the amount of $66. Plaintiffs' application for attorney fees is denied.

■ In the underlying action, plaintiffs sought to recover from the United States the sum of $1,796, with interest, representing overpayment of federal income taxes for the years 1976 and 1977. The Complaint was filed on December 15, 1980, and, on February 3, 1982 judgment for the plaintiffs was entered by stipulation. Plaintiffs timely applied for the award of costs and fees on February 23, 1982.

Plaintiffs incurred costs in the amount of $66—a $60 filing fee and $6 service fees. These are hereby taxed against the United States. 28 U.S.C. § 2412(a).

■ Title 28 U.S.C. § 2412(d)(1)(A) authorizes the award of counsel fees against the United States to a prevailing party in certain circumstances. Title 28 U.S.C. § 2412(d)(2)(B) defines a party, insofar as pertinent, as "an individual whose net worth did not exceed $1,000,000 at the time the civil action was filed". Plaintiffs' Application does not contain any information from which this Court could conclude that the requirements of § 2412(d)(2)(B) are met. In view of the expertise of the plaintiff-husband, who represented himself and his wife in these proceedings, as set forth in the Application, and because the Application specifically relies upon § 2412(d), the Court is constrained to conclude that the omission is not inadvertent, and that plaintiffs in fact do not meet the requirements of § 2412(d)(2)(B). That section being a limited waiver of sovereign immunity, its limitations and conditions must be strictly observed. *Gibson v. Davis*, 587 F.2d 280 (6th Cir. 1978), *cert. denied*, 441 U.S. 905, 99 S.Ct. 1993, 60 L.Ed.2d 374 (1979).

Furthermore, neither the Application, nor any other of the pleadings, contain any evidence from which the Court can conclude that the position of the United States was not substantially justified.[1] 28 U.S.C. § 2412(d)(1)(B).

Finally, plaintiffs' Application does not conform to the requirements of *Northcross v. Board of Education*, 611 F.2d 624 (6th Cir. 1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980).

Therefore, plaintiffs' application for attorney fees must be denied.

IT IS SO ORDERED.

---

1. Plaintiffs refer to certain private rulings which were presumably attached as exhibits to the Complaint. No such exhibits can be found in the file, nor does the Complaint contain any reference to them.