**Claire M. RENSHAW, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 82–1606.**

United States District Court, M.D. Pennsylvania.

Feb. 28, 1984.

---

G. David Pauline, Pauline, Rourke & Wise, Harrisburg, Pa., for plaintiff.

Harry A. Nagle, Asst. U.S. Atty., Lewisburg, Pa., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

### I. Introduction

Before the court is the request filed by plaintiff's counsel for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons discussed hereinafter we have determined that a fee award is appropriate.

### II. Background

Plaintiff, the prevailing party in an action brought under Title II of the Social Security Act, filed the current action pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g), for judicial review of the Secretary of Health and Human Service's final decision terminating disability benefits. On November 15, 1983, this court declined to approve the report and recommendation of a United States Magistrate that the matter be remanded to the Secretary. Instead the court examined plaintiff's opposition to a remand and after review of the entire record, concluded that the Secretary's decision was unsubstantiated and that reversal rather than remand was warranted. The court accordingly ordered payment of current benefits as well as retroactive benefits from the date of termination in 1981.

Subsequent to the court's decision, plaintiff's counsel applied for attorney fees. The Secretary filed timely opposition and both parties have thoroughly briefed the issue so that it is ripe for disposition. Plaintiff's counsel has requested payment of $60.00 to plaintiff as reimbursement of the filing fee for the present action and payment of counsel fees in the amount of $2,475.00 for thirty-three hours of work at the rate of $75.00 per hour. Under the EAJA, 28 U.S.C. § 2412(d)(2)(A)(ii) attorney fees may not exceed this hourly rate except when the court determines that a higher fee is proper.

### III. The "Substantial Justification" Issue

The attorney fee provision of the EAJA is as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In the present case, the "substantial justification" issue appears to be the sole one for our consideration since it is not disputed that plaintiff is a prevailing party under the statute. *See* 28 U.S.C. § 2412(d)(1)(A) and (d)(2)(B)(i). Our analysis therefore must focus on whether the Secretary's position was "substantially justified."

A case in which this court examined the applicable standard was *Kauffman v. Schweiker,* 559 F.Supp. 372 (M.D.Pa.1983). In *Kauffman* we reviewed the legislative history of the EAJA as well as case law and noted that the House Report's description of the standard was as "essentially one of reasonableness." The Report warned courts not to decide that the government's position was not "substantially justified" merely because the government was unable to prevail or because it was unable to demonstrate that "its decision to litigate was based on a substantial probability of prevailing." H.Rep. No. 96–1418, 96th Cong., 2d Sess. 18, *reprinted* in 1980 U.S. Code Cong. & Ad.News 4953, 4989–90. *See also* S.Rep. No. 96–253, 96th Cong., 1st Sess. 1 (1979) at 7. Moreover, in *Berman v. Schweiker,* 531 F.Supp. 1149, 1154 (N.D. Ill.1982), a case cited in *Kauffman, supra,* for its thorough analysis of the issue, the court noted that the standard for determin-

ing whether the government's position was "substantially justified" is one that "falls in between the common law 'bad faith' exception and an automatic award of attorney's fees to prevailing parties."

In *Kauffman* we discussed the case of *Hornal v. Schweiker*, 551 F.Supp. 612 (M.D.Tenn.1982) as persuasive to our decision that a one time medical examination performed by a physician at the Secretary's request did not provide substantial justification for the government's position when countered by contrary evidence from a physician who treated the claimant numerous times over a period of years. Examining the position of the Secretary in the present matter, we conclude that it likewise was not "substantially justified." Even without considering the holding of *Kuzmin v. Schweiker*, 714 F.2d 1233 (3d Cir., 1983), we would reach this conclusion. As plaintiff has correctly pointed out, evidence that plaintiff's disability had ceased is virtually nonexistent. As we noted in our memorandum of November 15, 1983, James F. Rich, M.D., the doctor who examined plaintiff for the Secretary, concluded that plaintiff's phlebitis was not active at the time of the examination but that the chronic nature of the condition did limit her activities. Since he gave no opinion about her ability to work, the Secretary's subsequent conclusion that plaintiff could resume her customary employment as an enterosponal therapist was completely without foundation.

The Secretary argues that her position had a reasonable basis in law and fact but is able to point to nothing specific in the record in support. On the contrary, she relies on a point already discussed in our former memorandum—plaintiff's doctor, James Rohland's, failure in his June 16, 1981, letter to discount plaintiff's ability to perform sedentary work. As we previously indicated, the Secretary had terminated plaintiff's benefits based on the conclusion that plaintiff could return to her prior nursing job. Therefore, it was logical that her doctor direct his opinion to the validity of that conclusion. Furthermore, subsequent reports of this physician do address plaintiff's inability to perform other work.

Additionally, we find unpersuasive defendant's argument that her position was "substantially justified" because the United States Magistrate recommended a remand rather than a reversal. As we noted in our memorandum of November 15, 1983, however, the Magistrate found that the disability findings of the administrative law judge (ALJ) were not supported by substantial evidence. The recommendation of a remand appeared to be based on certain gaps in the decisions of the ALJ, particularly with regard to the basis of his conclusions. Our review of the entire record, however, convinced us that a remand would accomplish nothing other than delay and we, therefore, directed payment of retroactive and current benefits. In essence we determined that the ALJ would be unable to substantiate a conclusion of nondisability because substantial evidence did not exist for such a conclusion.

We are well aware of the test to be applied to determine whether the position of the Secretary was "substantially justified," and we are not awarding attorney fees in the present case because the Secretary's findings have been reversed or because we believe such an award should be automatic under the circumstances. Rather we have scrutinized the reasonableness of the Secretary's position in the face of a one time medical examination by a doctor who did not conclude that plaintiff was no longer disabled and reports from a long time treating physician who was thoroughly familiar with plaintiff's case and supported a finding that her disability continued.

In accordance with the foregoing discussion and upon application of the standards set forth in the EAJA and developed by case law, we have concluded that the Secretary's position was not "substantially justified." Furthermore, the Secretary has not contended, nor have we found any "special circumstances" that would make a fee award unjust. We therefore address the amount of fees to be granted.

## IV. Amount of Counsel Fees

Pursuant to 28 U.S.C. § 2412(d)(2)(A)(ii) attorney fees shall not exceed $75.00 per hour unless the court determines that higher amounts are warranted. In the present matter counsel has requested a total fee award of $2,475.00 for 33 hours of work at the $75.00 per hour rate. Our review of pertinent cases has shown that an award of $75.00 per hour is often given and the government has not attempted to argue against this hourly rate in the present case. Moreover, we believe it to be a reasonable rate in the Harrisburg area where counsel practices.

Our problem with the fee award, as with the award in *Kauffman,* is for the amount of time claimed for brief writing and related activities. Brief writing, record review, and research accounts for 24.8 hours of the 33 hours claimed. We find that 26.5 hours would be a reasonable total amount of time to have expended, particularly given the guidance provided by the *Kauffman* case, *supra,* in the realm of counsel fees.

## V. Conclusion

In accordance with the foregoing discussion, we shall award attorney fees in the total amount of $1,987.50 (26.5 hours at $75.00 per hour). We are also, pursuant to 28 U.S.C. § 2412(d)(1)(A), directing payment to plaintiff of her filing fee of $60.00. *See Berman v. United States,* 534 F.Supp. 641 (D.C.Ohio 1982). An appropriate accompanying order shall be filed.