Robert PAPPAS, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 83–0642.

United States District Court, M.D. Pennsylvania.

Dec. 3, 1984.

Peter B. Macky, Sunbury, Pa., for plaintiff.

Albert R. Murray, Jr. Asst. U.S. Atty., Scranton, Pa., for defendant.

MEMORANDUM

CALDWELL, District Judge.

Plaintiff's counsel in the above-captioned Social Security matter has filed for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Upon review of the record and applicable law, we shall make a fee award subject to the discussion that follows.

We note initially that this court filed two orders, dated September 6, 1984, and October 24, 1984, to set schedules for filing briefs. Plaintiff's brief was timely filed pursuant to our first order. Our second order, which was filed after the Secretary failed to comply with our September order, stated that the Secretary would be given a further opportunity to file a brief "[a]s 'substantial justification' of the Secretary for her position is a key issue in an EAJA fee award." To date no brief has been filed to address this important point. Thus the fee petition is unopposed.

The attorney fee provision of the EAJA, 28 U.S.C. § 2412(d)(1)(A) provides for a fee award to a "prevailing party" such as plaintiff "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Under 28 U.S.C. § 2412(d)(2)(A)(ii) attorney fees may not exceed an hourly rate of $75.00 per hour unless the court determines that higher amounts are warranted.

This court has examined and discussed the "substantial justification" issue at length several times, most notably in our fee decisions in *Renshaw v. Heckler*, 580 F.Supp. 836 (M.D.Pa.1983) and *Kauffman v. Schweiker*, 559 F.Supp. 372 (M.D.Pa. 1983). The *Kauffman* case also dealt with the propriety of EAJA fee awards to legal service organization counsel.

We have examined the "substantial justification" issue in light of these decisions and find plaintiff's averments well-taken that the Secretary's position in the present matter was not substantially justified. As we have indicated, the Secretary has chosen not to address the issue and plaintiff's arguments are thus uncontroverted.

Neither has the Secretary elected to discuss the amount of the fee request. Plaintiff's counsel has asked to be reimbursed at the maximum hourly rate ($75.00) permitted by the statute absent a determination that higher fees are warranted. The hour-

ly rate requested has frequently been awarded and is fully commensurate with counsel's experience and fees charged in the area where plaintiff's counsel practices. As in other cases, however, we are concerned with the amount of time expended in brief writing. We commend counsel on a carefully prepared, thorough brief in support of his client's summary judgment motion, but feel that the brief could have been more expeditiously prepared. Accordingly, we shall award fees for a total of 22.5 hours rather than the 28 hours claimed for a total award of $1,687.50.