**Robert E. LOVELL, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 82–0457.

United States District Court, M.D. Pennsylvania.

April 16, 1985.

---

Jonathan E. Butterfield, Liebert, Short, Fitzpatrick & Lavin, Williamsport, Pa., for plaintiff.

Gordon A.D. Zubrod, Barbara Kosik, Asst. U.S. Attys., Scranton, Pa., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

### I. Introduction

Plaintiff, a prevailing party in the above-captioned Social Security disability matter, has filed a motion for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1] Plaintiff requests the fee award amount to 25% of plaintiff's past due benefits or $75.00 per hour, the statutory maximum, for 62 hours of time expended in connection with federal court consideration of this matter. At the statutory rate the fee requested would be $4650. Alternatively, plaintiff asks for an award under 42 U.S.C. § 406(b), which permits an attorney fee award of up to 25% of plaintiff's past due benefits. The Secretary may certify payment out of these benefits. We have examined the motion and supporting data and will award an attorney fee as delineated hereinafter.

### II. EAJA Considerations

Plaintiff's reasons for filing his motion for alternative relief hardly need elaboration. To receive a fee award under the EAJA, one must be a prevailing party. The Secretary must show that her position was not substantially justified, and furthermore, no special circumstances must exist which would make a fee award unjust. Under the Social Security statute, one need only be a successful claimant for fees to be awarded. The justification for the stance taken by the Secretary plays no role nor should it since fees under this statute come out of the Social Security claimant's past due benefits. In the present case, plaintiff entered into a contingent fee agreement to compensate his counsel at the rate of 25% of past due benefits recovered. It is, however, in the interest of the claimant to receive an EAJA award in connection with federal court proceedings because his benefits are not used therefor.

The major controversy regarding the propriety of an EAJA award in this case is whether the Secretary's position was substantially justified. This court on several occasions has expounded on the substantial justification issue, perhaps most notably in *Kauffman v. Schweiker*, 559 F.Supp. 372

---

**1.** Although the EAJA expired on October 1, 1984, the current motion is properly filed because the Act continues to be applicable "through final disposition of any action before the date of repeal." Pub.L. 98–481, Section 204(c).

(M.D.Pa.1983) and also in *Renshaw v. Heckler,* 580 F.Supp. 836 (M.D.Pa.1983). As we stated in *Kauffman,*

> Guidance for determining whether the position of the government was "substantially justified" is found in the legislative history of the EAJA as well as in case law. One of the most thorough analyses is found in *Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill.1982) wherein attorney fees for plaintiff's privately-retained counsel were approved. In examining the standard for an attorney fee award, the court noted that when a non-governmental party prevails, the government has the burden of demonstrating that its position was "substantially justified" even though it lost the case, *Id.* at 1153, and that "[t]he standard falls in between the common law 'bad faith' exception and an automatic award of attorney's fees to prevailing parties." *Id.* at 1154. The House Report described the test as "essentially one of reasonableness" and cautions courts not to conclude that the government's position was not "substantially justified" simply because the government was not the prevailing party or because it cannot show that "its decision to litigate was based on a substantial probability of prevailing." H.Rep. No. 96–1418, *supra,* at 4989–90. *See also* S.Rep. No. 96–253, *supra,* at 7.

559 F.Supp. at 375.[2]

We have examined the entire record in this case and will briefly review some matters of significance. After finding its way into federal court when plaintiff filed his complaint on April 9, 1982, this case was remanded to the Secretary on January 3, 1983, pursuant to the recommendation of the United States Magistrate to whom it was assigned. The remand was ordered because the Secretary's decision that plaintiff retained the residual functional capacity to perform sedentary work was not supported by substantial evidence. Following the remand, the Appeals Council, on May 15, 1984, adopted the decision of an administrative law judge and ruled that plaintiff was disabled under Title XVI of the Social Security Act and entitled to benefits as of April 13, 1983. On that date in 1983 a CAT scan had revealed a bony spur formation on the left posterior aspect of cervical vertebrae 5 and 6. Psychiatric evidence also supported a finding of disability.

Plaintiff, however, persisted in his allegations that he became disabled as of February 1, 1980. A supplemental transcript was filed, as was plaintiff's motion for summary judgment and brief in support thereof. Plaintiff's motion was unopposed by the Secretary; nevertheless the Magistrate thoroughly considered the conflicting medical opinions on the interpretation of the significance of a myelogram performed in August, 1980. The testimony of a medical advisor who did not examine plaintiff was heavily relied upon by the Secretary, and evidence from two of plaintiff's treating physicians was essentially rejected.

In *Kauffman, supra,* we considered the substantial justification issue as it related to contradictory medical evidence from a doctor who performed a one-time examination of plaintiff in contrast to information provided by a family physician and a treating surgeon. In *Kauffman* we concluded that the government's position was not substantially justified, and we found persuasive a similar analysis in *Hornal v. Schweiker,* 551 F.Supp. 612 (M.D.Tenn. 1982). In the present case the medical advisor's conclusions were based on documentary evidence and should similarly be rejected in the face of the opinions of plaintiff's treating physicians, as well as psychiatric evidence of record.

We might find the Secretary's arguments more convincing in her brief opposing attorney fees had she had opposed plaintiff's second motion for summary judgment. It seems somewhat anticlimactic at this point to argue about the proprie-

---

**2.** The complete citations for the House and Senate Reports are H.R.Rep. No. 1418, 96th Cong., 2d Sess. 18, *reprinted* in 1980 U.S.Code Cong. & Ad.News 4953, 4994 and S.Rep. No. 96–253, 1st Sess. 1 (1979).

ty of the Magistrate's conclusions that plaintiff's disability commenced in February, 1980, particularly when the Secretary filed no exceptions to the Magistrate's Report. Nevertheless, we have thoroughly considered the Secretary's position but conclude that a fee award should be made.

III. Amount of Fees

■ The Secretary has elected not to challenge the hours claimed by plaintiff's attorney nor the statutory maximum rate of $75 per hour. In some respects, the present matter resembles the attorney fee considerations addressed in *Campbell v. Heckler*, 603 F.Supp. 1388 (M.D.Pa.1985). In *Campbell* the court held that because counsel was awarded fees under the EAJA a further award under 42 U.S.C. § 406(b) for district court services was not justified. We feel that position is a sound one. Plaintiff, however, may petition the Secretary to certify further attorney fees out of plaintiff's past due benefits. Plaintiff entered into a contingent fee agreement, as we have noted, and he submitted an affidavit with the fee motion reaffirming that agreement.

We have reviewed the hours claimed by counsel in connection with proceedings before this court and conclude that fifty (50) hours rather than the sixty-two (62) claimed would be reasonable. Accordingly, we shall award attorney fees under the EAJA in the amount of $3,750.00 and expenses of $262.14. No further fees pursuant to 42 U.S.C. § 406(b) shall be awarded in connection with representation of plaintiff in federal court.