**Maria SANZARI**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

**Civ. No. N–83–293 (PCD).**

United States District Court, D. Connecticut.

Oct. 17, 1986.

Christopher M. Royston, Coan, Lewendon & Royston, New Haven, Conn., for plaintiff.

John B. Hughes, Asst. U.S. Atty., New Haven, Conn., for defendant.

## RULING ON MOTION FOR ATTORNEY FEES

DORSEY, District Judge.

Counsel for plaintiff have petitioned for an award of attorney fees in the amount of $9,800.90. That figure represents twenty-five percent of the past-due benefits paid by defendant to plaintiff as a result of the judgment entered on April 4, 1986, which reversed defendant's disposition of this matter and remanded the case solely for the purpose of calculating and paying the benefits found to have been improperly denied plaintiff. Counsel invoke 42 U.S.C. § 406(b)(1) [1] as authority for the proposition that this court may award attorney

---

**1.** 42 U.S.C. § 406(b)(1) provides:
Whenever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. ...

fees up to twenty-five percent of the total of the past-due benefits paid to claimant.

There are two problems with counsel's petition. First, this court already awarded attorney fees in the amount of $3,752.25 for work done on this case. That award was made on June 25, 1986, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[2] Second, if the court awarded $9,800.90, counsel's hourly rate would effectively be $129.81 for the full 75.5 hours of work claimed while the case was before the court. However, in the court's original ruling on attorney fees, plaintiff's counsel's reasonable hourly rate was found to be $60 and $75, respectively,[3] and the reasonable time found to have been expended was reduced to 43.6 and 15.15 hours, respectively, for a total award of $3,752.25.

Counsel are aware of both these problems and represent to the court that: (1) the application for attorney fees under the EAJA was made for the benefit of the claimant, not counsel,[4] and they have not been paid out of the award made on June 25, 1986; (2) if counsel's petition is accepted in the requested amount of $9,800.90, counsel will not seek any further compensation to which they might otherwise be entitled pursuant to 42 U.S.C. § 406(a)[5] for an additional 51.7 hours claimed to have been spent representing the plaintiff before the Social Security Administration.

As to the EAJA award, some courts have held that such an award precludes a further application for attorney fees under the Social Security Act. *See, e.g., Campbell v. Heckler,* 603 F.Supp. 1388 (M.D.Pa.1985); *Lovell v. Heckler,* 606 F.Supp. 621 (M.D.Pa. 1985); *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y.1984); *but see Hawkins v. Heckler,* 606 F.Supp. 1201 (D.Kan.1985) (allowing a higher award under the Social Security Act if counsel refunds to client the amount awarded under the EAJA). In the instant case, it is not necessary to decide whether, as a matter of law, awards under both statutes are permissible. Based on the specific facts of this case, the court finds that the amount allowed under the EAJA is the total reasonable compensation to which these attorneys are entitled for their services before the court. That finding would not change even if, as counsel prefer, the award were made pursuant to 42 U.S.C. § 406(b)(1) rather than the EAJA. Thus, whatever counsel's private arrangements with their client, the award of June 25, 1986, stands as the court's final determination of reasonable attorney fees in this case.

As to counsel's willingness, if their petition is accepted, to forego a further award under 42 U.S.C. § 406(a), that position—though couched in terms of giving up a claim for services rendered before the agency—really boils down to a request that this court make an award for the total

**2.** 28 U.S.C. § 2412(d)(1)(A) provides:
   [A] court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

**3.** Two attorneys served as plaintiff's counsel and their work together amounted to 75.5 hours.

**4.** Under the EAJA, the award of attorney fees is in addition to the amount of the judgment won by the prevailing party. Under the Social Security Act, attorney fees come out of funds that would otherwise go to the claimant.

**5.** 42 U.S.C. § 406(a) provides:

   Whenever the Secretary, in any claim before him for benefits under this subchapter, makes a determination favorable to the claimant, he shall, if the claimant was represented by an attorney in connection with such claim, fix ... a reasonable fee to compensate such attorney for the services performed by him in connection with such claim. If as a result of such determination, such claimant is entitled to past-due benefits ... the Secretary shall ... certify for payment (out of such past-due benefits) to such attorney an amount equal to whichever of the following is smaller: (A) 25 per centum of the total amount of such past-due benefits, (B) the amount of the attorney's fee so fixed, or (C) the amount agreed upon between the claimant and such attorney as the fee for such attorney's services.

274

amount of work done on this case both before the court *and* before the agency, up to the maximum permitted by 42 U.S.C. § 406(b)(1), to wit, twenty-five percent of the past-due benefits recovered by plaintiff. Courts are divided on the propriety and wisdom of such a practice. *Compare Kemp v. Schweiker,* 587 F.Supp. 778 (W.D. Pa.1984), *Webb v. Richardson,* 472 F.2d 529 (6th Cir.1972), and *Lewis v. Secretary of Health & Human Serv.,* 707 F.2d 246 (6th Cir.1983) (district courts are empowered to include services before the Secretary in awarding attorney fees) *with Morris v. Social Sec. Admin.,* 689 F.2d 495 (4th Cir.1982), *Whitt v. Califano,* 601 F.2d 160 (4th Cir.1979) and *Cartledge v. Heckler,* 615 F.Supp. 545 (N.D.Ill.1985) (attorney fees under § 406(b)(1) may be awarded only for services rendered in the district court). The better practice is for the Secretary to make her own determination of the value of the attorneys' services before the agency.

Accordingly, counsel's motion for a second award of attorney fees is denied as duplicative of the award already made under the EAJA without prejudice, however, to a petition for a further award of attorney fees for the work done by them before the agency.

SO ORDERED.