**Robert T. BYRD III, Plaintiff,**

v.

**Patricia R. HARRIS, Secretary, Health and Human Services, Defendant.**

No. CIV–1–80–362.

United States District Court, E. D. Tennessee, S. D.

March 23, 1981.

Robert T. Byrd, III, Cleveland, Tenn., for plaintiff.

John H. Cary, U. S. Atty., Chattanooga, Tenn., for defendant.

### MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is an action for the judicial review of the final decision of the Secretary of Health and Human Services, awarding attorneys' fees pursuant to 42 U.S.C. § 406. The case is presently before the Court upon the defendant's motion to dismiss (Court File No. 3).

Plaintiff, an attorney, entered into a contract with a Social Security claimant whereby plaintiff agreed to represent claimant and claimant agreed to pay plaintiff a 25% contingency interest in any past-due benefits awarded claimant. Plaintiff represented claimant before the Secretary who denied benefits and then represented claimant in a civil action before this Court (*William Preston Adams v. HEW*, Civil No. 1–78–313) for judicial review of this denial. This Court remanded Adams' (claimant's) claim for the taking of additional evidence and the Appeals Council awarded claimant disability insurance benefits and a period of disability. Plaintiff, as attorney, filed a petition for approval of a fee for representing the claimant before the Social Security

Administration, and the Attorney Fee Officer, Office of Hearings and Appeals, authorized a fee for $1,850.00. Plaintiff, dissatisfied with this amount, commenced this action for the remainder of 25% of claimant's award of past-due benefits, $1,318.20.

The defendant has moved that this lawsuit be dismissed for failure to state a claim upon which relief can be granted contending that this Court has no subject matter jurisdiction. The Secretary submits that attorney's fees awarded by the Social Security Administration and paid from past-due benefits of successful Social Security claimants are not reviewable by the Courts. She contends that there is no basis whatever under the Social Security Act or any other statute for federal jurisdiction concerning attorney fees for services rendered before the Social Security Administration. Plaintiff appears to contend that this Court has the authority to award him attorney fees and therefore, may review the award of the Secretary and grant him additional compensation.

■ Plaintiff bases this claim on 42 U.S.C. § 406(b)(1) which provides that "whenever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation ...". Plaintiff contends that because he represented claimant before this Court, this Court has the jurisdiction to compensate him for his services. However, the Sixth Circuit Court of Appeals held in *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972) that:

> the tribunal that ultimately upholds the claim for benefits is the only tribunal that can approve and certify payment for an attorney fee.... A tribunal making this award can consider all services performed by the attorney from the time the claim was filed with the Social Security Administration.

*Id.* at 536.

An attorney must apply to the Secretary for certification of a fee if the Secretary makes the decision to award benefits, even if the Secretary's decision follows a remand by the Court. *Id.* As, in the instant case, the Secretary and not this Court awarded benefits to the claimant, the Secretary is the only tribunal that can approve and certify payment of attorney fees for representation before both the Secretary and this Court.

■ The next question to be resolved is whether this Court can review the award of attorneys fees made by the Secretary to the plaintiff. 42 U.S.C. § 406(a) provides that an attorney who successfully obtains past-due Social Security benefits for a claimant shall receive payment for his services. The Secretary is to certify for payment out of the past-due benefits the smallest of three possible amounts: (1) 25% of the total benefits awarded, (2) the fee agreed upon between attorney and claimant, or (3) a reasonable fee fixed by the Secretary. The Courts have held that the amount of an attorney's fees for services performed at the administrative level is a matter of discretion with the Secretary and is not subject to judicial review under § 406. *Copaken v. Califano*, 500 F.2d 729 (8th Cir. 1979); *Schneider v. Richardson*, 441 F.2d 1320, 1321 (6th Cir. 1971) *cert. den.* 404 U.S. 872, 92 S.Ct. 101, 30 L.Ed.2d 117 (1971); *Chernock v. Gardner*, 360 F.2d 257 (3rd Cir. 1966). Thus, this Court does not have jurisdiction to review under 42 U.S.C. § 406. *Muenich v. United States*, 410 F.Supp. 944, 947 (N.D.Ind.1976).

Since this Court has no jurisdiction under § 406, it is necessary to determine whether jurisdiction is provided by any other provision. Ordinarily, judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g) which states that:

> Any individual, after any final decision *made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days.... (*Emphasis supplied*).

Unless review is provided by this section, it is foreclosed by 42 U.S.C. § 405(h) which provides in part that "no findings of fact or

decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under [28 U.S.C. § 1331] to recover on any claim arising under this subchapter. *Califano v. Sanders*, 430 U.S. 99, 106, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1979); *Weinberger v. Salfi*, 422 U.S. 749, 757, 95 S.Ct. 2457, 2462, 45 L.Ed.2d 522 (1975).

§ 405(g) clearly limits judicial review to a decision of the Secretary "made after a hearing." *Califano v. Sanders, supra* at 108, 97 S.Ct. at 986.[1] Attorneys have no right to an administrative hearing on the issue of the amount of fees to be awarded and such fees may be awarded without a hearing. 20 C.F.R. § 404.937(b). In the instant case, plaintiff petitioned the Secretary for an award as claimant's representative payee pursuant to 20 C.F.R. § 404.975. The Secretary then reviewed the services performed by the attorney and certified an award of fees from the claimant's past-due benefits. No hearing was held to determine an appropriate amount. Furthermore, attorneys are not considered "parties" to administrative hearings so that they may bring an action under this provision. *Copaken v. Califano*, 590 F.2d 729 (8th Cir. 1979). Thus, § 405(g) cannot be construed to authorize judicial review of an award of attorney fees by the Secretary.

Even when the requirements imposed by § 405(g) have not been met, § 405(g) may provide jurisdiction under certain circumstances for adjudication of colorable constitutional claims raised in connection with a claim for benefits under the Act. *Califano v. Sanders, supra* at 109, 97 S.Ct. at 986; *Weinberger v. Salfi*, 422 U.S. 749, 764–765, 95 S.Ct. 2457, 2466–2467, 45 L.Ed.2d 522 (1975). Plaintiff contends that the Secretary's action is unconstitutional as

he had a contractual agreement with the claimant for the amount of the attorneys' fees. Because the Secretary did not act in accordance with this agreement, plaintiff submits that the Secretary took his property without due process of law. However, congressional regulation of the amount of fees granted attorneys representing claimants for benefits created by an Act of Congress does not deprive an attorney of property or liberty in violation of the Fifth Amendment. *Hines v. Lowrey*, 305 U.S. 85, 59 S.Ct. 31, 83 L.Ed. 56 (1938); *Copaken v. Secretary of HEW*, 590 F.2d 729, 732 (8th Cir. 1979). Therefore, the Court finds that no colorable constitutional claim has been raised in the instant case.

As 42 U.S.C. § 405(g) does not give this Court jurisdiction to hear this matter, nor does any other provision[2], and no colorable constitutional issue has been presented, this Court lacks subject matter jurisdiction to review the Secretary's award of attorney fees. This is not a court of general jurisdiction; it has only such jurisdiction as is prescribed by Congress pursuant to the Constitution, Article III. *Graves v. Sneed*, 541 F.2d 159 (6th Cir. 1976) *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed.2d 539 (1977). An order will enter in accordance with this memorandum granting the defendant's motion to dismiss for lack of subject matter jurisdiction.

---

1. In *Califano*, the Supreme Court found that § 405(g) did not authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for Social Security benefits as this decision may be made without a hearing.

2. § 10 of the Administrative Procedure Act is not an implied grant of subject-matter jurisdiction to review agency actions. *Califano v. Sanders*, 403 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977).