Charles RUZICKA, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. 79 C 4949.

United States District Court, N.D. Illinois, E.D.

May 5, 1983.

Lawrence Jay Weiner, Weiner, Neuman & Spak, Chicago, Ill., for plaintiff.

Mary Anne Mason, Asst. U.S. Atty., Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The plaintiff, Charles Ruzicka, ("Ruzicka"), commenced this action with an application to the Social Security Administration for disability insurance and supplemental

security benefits. Both applications were denied by the defendant Secretary of Health and Human Services and the denials were upheld after a hearing before an administrative law judge. Ruzicka appealed to this Court. We adopted the recommendations of the Magistrate to whom this matter was referred, set aside the Secretary's decision, and ordered the matter remanded for a fuller determination of Ruzicka's medical disability.[1] The administrative law judge ("ALJ"), after subsequent rehearing, awarded Ruzicka $26,109.30 in past benefits. Of the benefits award, the ALJ specified $1700 was to be paid for attorneys' fees. Plaintiff's present motion asks this Court to review the amount of attorneys' fees awarded by the Secretary and raise the award to $5449.02 for work performed before both the ALJ and this Court.[2]

The federal courts of appeals have split over the ability of a district court to award attorneys' fees to a prevailing party for counsel time spent before an administrative agency in pursuit of social security benefits. The split results from differing interpretations of the statutory authority for fee awards under the Social Security Act. 42 U.S.C. § 406(a) authorizes the Secretary to award attorneys' fees for services performed in connection with claims before the Secretary; 42 U.S.C. § 406(b)(1) authorizes a court which has rendered a judgment favorable to a claimant to award attorneys' fees as part of the judgment rendered by the court.

The majority of courts of appeals interpret this statutory scheme as permitting each forum to assess fees for work performed before it, but not permitting either forum to assess fees for work performed in the other. See, e.g., Whitt v. Califano, 601 F.2d 160, 161–62 (4th Cir.1979), MacDonald v. Weinberger, 512 F.2d 144, 146 (9th Cir. 1975), Fenix v. Finch, 436 F.2d 831, 838 (8th Cir.1971), Gardner v. Mitchell, 391 F.2d 582, 583 (5th Cir.1968), Gardner v. Menendez, 373 F.2d 488 (1st Cir.1967). Under this interpretation, a district court could not assess fees for work performed before the Secretary.

The Sixth Circuit construes the statutory scheme differently. It concludes that 42 U.S.C. § 406(a) and § 406(b)(1) should be read together as authorizing the forum which ultimately upholds the award of social security benefits to determine and award attorney fees for all work performed in connection with the claim. See, Webb v. Richardson, 472 F.2d 529 (6th Cir.1972), see also, Lavender v. Califano, 683 F.2d 133 (6th Cir.1982); Byrd v. Harris, 509 F.Supp. 1222 (E.D.Tenn.1981). Under this interpretation, if a district court were the forum which ultimately upheld the award of benefits, it could award attorney fees for services performed in front of the Secretary as well as those in front of the court.

We have found no case in which the Seventh Circuit was asked to determine whether a federal court can award attorney fees for work in front of the Secretary under this statutory scheme. Ruzicka urges us to adopt the Sixth Circuit's interpretation of the statute, while the Secretary asserts the majority position is a better reading of the law. We would agree with the Secretary that the plain language of the statute is most clearly read to authorize each forum to award fees only for that work performed in front of it.

However, in the instant case, even the Sixth Circuit's interpretation of the statute will not help Ruzicka. Webb v. Richardson and its progeny decisions, make clear that it is the forum which ultimately upholds the benefit award which may authorize fees. In the case at bar, the Secretary, not this Court, ultimately upheld the benefit award. This Court's action was to approve the Magistrate's recommendation that the claim be remanded to the Secretary for a fuller hearing. This Court did not direct the Magistrate to make a finding in favor of Ruzicka. Upon rehearing, the Secretary ultimately upheld the award of

---

1. Memorandum Opinion and Order, Aspen, J., October 29, 1980.

2. $905.50 in attorneys' fees has previously been paid to counsel in relation to this matter.

benefits. It also awarded attorneys' fees for the work in front of the ALJ, an act appropriate under either interpretation of the statute since it was the benefit-awarding forum and it was awarding fees for work before its own tribunal.

■ Because this Court did not make the benefit award, it would be inappropriate under either construction of the statute for us to award attorney fees for work in front of the Secretary. Even if this Court cannot make an original award of fees, however, we must decide whether it is appropriate for a federal court to review the Secretary's award of fees. Once again, not even the district courts of the Sixth Circuit, whose interpretation Ruzicka prefers, would approve such a course. *Byrd v. Harris,* 509 F.Supp. 1222, 1224 (E.D.Tenn.1981).[3] It is also the position of the majority of the other circuits that the amount of attorneys' fees awarded by the Secretary under § 406 is a matter of discretion, not subject to judicial review. *See, e.g., Copaken v. Califano,* 590 F.2d 729, 731 (8th Cir.1979); *Schneider v. Richardson,* 441 F.2d 1320, 1321 (6th Cir.), *cert. denied,* 404 U.S. 872, 92 S.Ct. 101, 30 L.Ed.2d 117 (1971); *Chernock v. Gardner,* 360 F.2d 257 (3rd Cir.1966); *see also Muenich v. United States,* 410 F.Supp. 944, 947 (N.D.Ind.1976).

■ We therefore decline to review the Secretary's award of $1700 in fees for work in front of that forum. However, under the clear language of 42 U.S.C. § 406(b)(1), this Court has the discretion to award attorney fees for the services performed before it. In this regard, the Secretary has suggested in a letter to Ruzicka's counsel that $2500 is an appropriate award for the services before this Court.[4] Counsel for Ruzicka has stated that over 200 hours was expended on this matter. In view of the prevailing legal fees for this type of work, we find $2500 a reasonable fee for the work performed before this Court and authorize

such an award out of the past benefits granted by the Secretary. It is so ordered.

---

**3.** We agree with the holdings in *Byrd* that no other provision of the statute gives the court jurisdiction to hear this matter and that no colorable constitutional issue is presented. *Id.* at 1225.

**4.** *See* Ruzicka's Petition for Attorneys' Fees at ¶ 8, March 15, 1983.

