**Clellan CARTLEDGE, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

No. 84 C 3823.

United States District Court, N.D. Illinois, E.D.

Aug. 19, 1985.

Constantine Dranius, Idarius, Dranias & Associates, Chicago, Ill., for plaintiff.

Michael O'Connell, U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On January 31, 1985 this Court granted summary judgment in favor of Clellan Cartledge ("Cartledge") against Secretary of Health and Human Services Margaret Heckler ("Secretary"). On August 9, 1985 Cartledge's counsel filed a petition for approval of attorneys' fees and costs. For the reasons stated in this memorandum opinion and order, the petition is denied.

■ Counsel's petition is filed pursuant to Social Security Act § 206(b)(1), 42 U.S.C. § 406(b)(1) ("Section 206(b)(1)"). But such a petition—as to fees, not costs—is really one to alter or amend the January 31 judgment. By its own terms Section 206(b)(1) provides (emphasis added):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow *as part of its judgment* a reasonable fee for such representation.... In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Cartledge's judgment was silent as to fees, and for the fee to be allowed "as part of its judgment" this Court must perforce "alter or amend" that judgment.

■ By way of confirmation (if any were needed), it is worth a brief and contrasting look at the other possible source for a fee award: the Equal Access to Justice Act, 28 U.S.C. § 2412(d)("EAJA"). While Section 206(b)(1) looks to an award from the lawyer's client, EAJA permits one against Secretary, the client's adversary. *Watford v. Heckler*, 765 F.2d 1562 (11th Cir.1985). Thus under 28 U.S.C. § 2412(d)(1)(A), as under other fee-shifting statutes, the fee award is really in addition to and not part of the judgment. *Watkins v. Harris*, 566 F.Supp. 493, 495 (E.D.Pa. 1983).

Because counsel's Section 206(b)(1) petition consequently seeks to "alter or amend" the January 31 judgment, it is out of time under the 10-day period prescribed by Fed.R.Civ.P. ("Rule") 59(e).[1] This Court has learned its views in that respect are apparently at odds with the procedure customarily followed among social security practitioners, under which fees are sought after Secretary determines the client's benefits (well after the court's judgment).[2] This Court has therefore elected (at least for a limited time) to consider petitions such as Cartledge's as possibly qualifying under the alternative relief provisions of Rule 60(b), assuming of course an appropriate showing.

■ In this case, though, the attachment to the August 9 petition shows a *May 6* notice from the Department of Health and Human Services to Cartledge, informing him of the calculation of his benefits and

---

1. Rule 6(b) forbids the court's enlargement of the 10-day limit.

2. Since this Court first announced the perceived applicability of Rule 59(e) in an unpublished opinion earlier this year, it has consistently applied the same concept in a series of oral bench rulings. Though a number of lawyers have expressed surprise at the idea and acknowledged their not having thought of the problem in those terms, not one has ever asserted any basis for questioning the analysis. This Court has of course recognized the possible Catch-22 situation that Rule 59(e)'s 10-day limit might create, given the fact that fees are not definitely known at the time of judgment (they cannot be, because of the need for Secretary's postjudgment determination of the claimant's benefits and hence of the 25% statutory limit on fees). To avoid that problem this Court has, upon entering summary judgment orders in favor of claimants, included a ruling that fees are being allowed, with the amount to be ascertained later.

urging the immediate filing by his attorney of a petition for approval of fees. One copy of that notice was sent directly to the attorney. Under the circumstances, even assuming an inclination to stretch Rule 60(b) for the reason previously stated, this Court finds no showing here to justify the application of that Rule.

 Against the possibility Cartledge's counsel may seek to renew the petition with a further showing under Rule 60(b), one other question must be addressed here. Cartledge's current petition seeks an award for services rendered not only in this Court (clearly embraced within Section 206(b)(1)) but also before Secretary. But the great weight of authority properly rejects the latter portion of the claim as outside the statutory authorization:

    1. Five Courts of Appeal (most recently *Morris v. Social Security Administration,* 689 F.2d 495, 496–97 (4th Cir. 1982) (per curiam); accord, *MacDonald v. Weinberger,* 512 F.2d 144, 146 (9th Cir.1975) and cases there cited), and a large number of District Courts around the country (though the only reported opinion this Court was able to locate in this Circuit was Judge Aspen's dictum to the same effect in *Ruzicka v. Heckler,* 562 F.Supp. 499, 500 (N.D.Ill.1983), so hold.

    2. Only the Sixth Circuit goes the other way (*Webb v. Richardson,* 472 F.2d 529, 535–36 (6th Cir.1972)), recently followed in *Lewis v. Secretary of Health and Human Services,* 707 F.2d 246, 247 (6th Cir.1983)), and only one District Court outside the Sixth Circuit (*Kemp v. Schweiker,* 587 F.Supp. 778, 780–82 (W.D.Pa.1984)) has taken the same position.

Even more to the point than the mere weighing of authority is the clear mandate of the Section 206(b)(1) language, which permits a court to award fees only for "such representation," a term whose clear statutory antecedent is to the phrase "represented before the *court*" (emphasis added).

 Finally, Cartledge's petition for costs, though it poses no Rule 59(e) or Rule 60(b) problems,[3] is in part untimely under the specific 30-day limit imposed by this District Court's General Rule 45(a). Under that General Rule "costs other than those of the clerk, taxable pursuant to 28 U.S.C. § 1920, shall be deemed waived." And the extended delay in seeking even the clerk's costs justifies denial of those as well.

Accordingly, as stated at the outset of this opinion, the petition is denied in its entirety. Such denial is without prejudice only to the extent indicated by this opinion.

---

**3.** Rule 54(d) provides "costs shall be awarded as of course to the prevailing party unless the court otherwise directs...." Consequently no special provision need be included in a judgment order—and hence no alteration or amendment is required—to entitle Cartledge to payment of costs.