Earleen SMITH, Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

No. 83 C 2593.

United States District Court, N.D. Ill., E.D.

Aug. 20, 1985.

Patricia D. Kelly, Deborah Spector & Associates, Chicago, Ill., for plaintiff.

Asst. U.S. Atty. Robert T. Grueneberg, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Earleen Smith ("Smith") has filed a long-delayed "Petition for Authorization To Charge and Receive Attorneys' Fees"— though this Court's memorandum opinion

and order granting summary judgment in Smith's favor (on the cross-motions for summary judgment customary in such social security cases) was issued January 17, *1984*, the current petition was served on opposing counsel August 12, *1985* and tendered to this Court August 16. For the reasons stated and referred to in this memorandum opinion and order, Smith's petition is denied.

 This Court has just decided a like question in *Cartledge v. Heckler*, 615 F.Supp. 545 (N.D.Ill.1985), a copy of which opinion is attached.[1] All the *Cartledge* discussion, save that relating to costs, is fully applicable here and need not be repeated.[2] Only two additional points need brief discussion.

First, Smith's counsel seeks to stress the "may" language in Section 206(b)(1):

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court *may* determine and allow as part of its judgment a reasonable fee for such representation....

From that, counsel concludes the power to award fees in that manner is discretionary (an unexceptionable statement) and then leaps to an ingenious but impermissible conclusion (Mem. at 4):

This section does not state that the only time at which fees may be awarded is the time of the judgment.

That argument, however, ignores the final sentence of Section 206(b)(1), which wholly defeats any potential for extrastatutory fee awards:

In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

 Second, Smith's counsel—out of time under Rule 60(b)(1) because more than a year has elapsed since judgment was entered—seeks to invoke the provisions of Rule 60(b)(6): "any other reason justifying relief from the operation of the judgment." Counsel argues correctly that Rule 60(b)(6) does not have the same one-year limitation.

But as 11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2864 (1973) reflects, the case law teaches Rule 60(b)(6) and the preceding five subsections (Rule 60(b)(1) through (5)) are mutually exclusive. Thus "relief cannot be had under clause (6) if it would have been available under the earlier clauses" (*id.* at 217). And the case law also teaches as to Rule 60(b)(1)'s authorization of relief for "mistake, inadvertence, surprise, or excusable neglect" (*id.* § 2858, at 170 and cases cited):

Ignorance of the rules is not enough, nor is ignorance of the law.

Thus for this Court to consider granting relief to Smith's counsel, it would effectively have to accept a kind of inversion of Rule 60(b), under which relief for a mistake of law (which the authorities teach is unavailable under Rule 60(b)(1)) would somehow become available under Rule 60(b)(6) because of the mutual exclusivity of those provisions. That would produce the bizarre result that a lawyer who had waited more than one year to ask for fees would be *better* off than a lawyer who had filed within a year—for the latter lawyer could not satisfy the Rule 60(b)(1) standard as a matter of law, and could not get relief under Rule 60(b)(6) because of his or her earlier filing.

In all events, the analysis in *Cartledge* as amplified by this memorandum opinion and order precludes relief for Smith's counsel. Smith's petition is denied.

---

1. All defined terms in *Cartledge* will be used in the same fashion in this memorandum opinion and order.

2. Counsel's Petition ¶ 3 states she was advised of the amount of Smith's retroactive entitlement in a May 30, 1985 telephone conversation. Indeed the time records supporting the petition show one hour spent on that date in preparing the fee petition, one hour on June 5 conferring on the same subject, then nothing until July 22 through July 25, when 9.25 hours were spent in researching and drafting the petition and supporting memorandum. Thus the timing is quite comparable to that in *Cartledge*.