**Earleen SMITH, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.**

**Appeal of Deborah SPECTOR and Ellyn Hershman**

No. 85–2832.

United States Court of Appeals, Seventh Circuit.

Submitted March 26, 1987.*

Decided April 14, 1987.

As Amended April 24, 1987.

---

\* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Since neither party filed such a statement and both agree that

Deborah Spector, Deborah Spector, Assoc. Chicago, Ill., for plaintiff-appellant.

James T. Hynes, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., U.S. Attorney's Office, Chicago, Ill., for defendant-appellee.

Before CUDAHY and FLAUM Circuit Judges, and PELL, Senior Circuit Judge.

PER CURIAM.

Earleen Smith filed a complaint in the district court to review a final decision of the Secretary of Health and Human Services (Secretary) denying her claim for social security disability insurance benefits and supplemental security income. On January 17, 1984, the district court granted Smith's motion for summary judgment and ordered the Secretary to award her benefits.

After Smith's attorneys received a letter from the Social Security Administration (the Administration) on May 1, 1984, informing them that there would be a delay in processing Smith's case, they made a number of attempts to expedite the case. It was not until a phone conversation on May 30, 1985, however, that they were told that Smith would receive $16,411.26 in past-due benefits and that the Secretary had certified $4,102.81 to be withheld for attorneys' fees. The attorneys waited to receive written notification of the social security award, but none was received. Finally, on August 16, 1985, they petitioned the district court for $4,102.81 in attorneys' fees under the authority of 42 U.S.C. § 406(b)(1) which provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 205(i), certify the amount of such fee for payment to such attorney out of,

the district court's decision should be reversed, the appeal has been submitted on the briefs and

record.

and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Neither the Secretary nor Smith filed any objections to the petition. On August 20, 1985, the district court, citing its ruling in *Cartledge v. Heckler*, 615 F.Supp. 545 (N.D.Ill.1985) (decided the previous day), denied the petition as untimely, 617 F.Supp. 28. The attorneys appeal from this denial.

In *Cartledge*, the district court reasoned that the language in § 406(b)(1) allowing the district court to award attorneys' fees "as part of its judgment" required the fee award to be part of the judgment favorable to the social security claimant. Since the judgments in both this case and *Cartledge* were silent as to attorneys' fees, the district court ruled that the petitions for fees were necessarily motions to alter or amend the judgments under Fed.R.Civ.P. 59(e). The petitions were therefore governed by Rule 59(e)'s requirement that they be served no later than ten days after the entry of the judgments. Since the petitions in neither case were filed within ten days of the judgment favorable to the social security claimant, the district court found the petitions in both cases to be untimely. In this case, the district court also denied the attorneys' alternative motion for relief from final judgment under Fed.R.Civ.P. 60(b).[1]

The district court recognized in *Cartledge*,

the possible Catch–22 situation that Rule 59(e)'s 10–day time limit might create, given the fact that fees are not definitely known at the time of the judgment (they cannot be, because of the need for Secretary's postjudgment determination of the claimant's benefits and hence of the 25% statutory limit on fees). To avoid that

problem this Court has, upon entering summary judgment orders in favor of claimants, included a ruling that fees are being allowed, with the amount to be ascertained later.

*Id.* at 546 n. 2. The judgments in neither *Cartledge* nor this case, however, included such a ruling.

Both the Secretary and Smith's attorneys argue on appeal that the district court's ruling is inconsistent with the procedure accepted by courts nationwide and is not required by § 406(b)(1) or its legislative history. Section 406(b)(1) authorizes the district court to both "determine and allow" as part of its judgment a reasonable fee not in excess of 25 percent of the total past-due benefits. But as the district court recognized, the reasonableness of the fee award cannot be determined at the time of the judgment because the amount of the accrued past-due benefits is not yet known. In fact, here, the Administration did not calculate the amount of Smith's past-due benefits until well over one year after the judgment was entered.

■ The starting point in interpreting a statute is the language of the statute. *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981). Where a statute is clear and unambiguous on its face, there is usually no need to look to the legislative history as a guide to its meaning and a court is limited to enforcing the statute according to its terms. *United States v. Oregon*, 366 U.S. 643, 648, 81 S.Ct. 1278, 1281, 6 L.Ed.2d 575 (1961); *TVA v. Hill*, 437 U.S. 153, 184 n. 29, 98 S.Ct. 2279, 2296 n. 29, 57 L.Ed.2d 117 (1978). Nevertheless, the Supreme Court has recognized limitations on the requirement that statutory language be interpreted literally. A literal construction is inappropriate if it would lead to absurd results or would thwart the obvious purposes of the statute. *In re Trans Alaska Pipeline Rate Cases*,

---

1. In *Cartledge*, the district court, noting that it had learned that its views were "apparently at odds with the procedure customarily followed among social security practitioners," stated that it had elected (at least for a limited amount of time) to consider petitions under § 406(b)(1) as possibly qualifying under the alternative relief provisions of Fed.R.Civ.P. 60(b). Nevertheless, in this case, the district court denied the attorneys' alternative motion for fees under Fed.R. Civ.P. 60(b). Given the resolution of this case, there is no need to determine whether the district court's analysis under Rule 60(b) was correct.

436 U.S. 631, 643, 98 S.Ct. 2053, 2061, 56 L.Ed.2d 591 (1978); *Chicago Transit Authority v. Adams,* 607 F.2d 1284, 1289 (7th Cir.1979), *cert. denied,* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). Here, the district court's literal reading of § 406(b)(1) has some superficial appeal. Such a reading, however, leads to an unreasonable result because a court cannot usually "determine" the amount of the fee award at the time of the judgment or within ten days. Reading the statute as a whole, we do not believe Congress meant that the only time at which fees could be awarded is the time of the judgment. By authorizing the attorney to be paid directly out of the claimant's past-due benefits, Congress intended to make it easier, not harder for attorneys to collect their fees. A more appropriate reading of § 406(b)(1) is that a judgment favorable to the claimant is merely a prerequisite to a fee award under the statute.

The district court's holding in this case could discourage attorneys from representing social security claimants. We are convinced that such a result was totally unanticipated by Congress and contravenes their express goals in enacting § 406(b)(1). Prior to 1965, § 406 authorized the Secretary to set a maximum fee that an attorney could charge for his representation of a claimant before the Administration. But the Social Security Act contained no provision authorizing a court to award attorneys' fees for the prosecution of a successful claim before the court. Thus, the attorney and his client were free to negotiate attorneys' fees for in-court representation. The limited legislative history of § 406(b)(1) suggests that in enacting § 406(b)(1) Congress sought to prevent attorneys from charging social security claimants excessive fees and to guarantee that attorneys rendering effective services to social security claimants in federal court would receive reasonable compensation for their services. *See* S.Rep. No. 404, 89th Cong., 1st Sess., *reprinted in* 1965 U.S.Code Cong. & Ad. News, 1943, 2062. *See also* Hearings on H.R. 6675 Before the Senate Committee on Finance, 89th Cong., 1st Sess. 512–13 (1965); *Burnett v. Heckler,* 756 F.2d 621,

626 (8th Cir.1985); *Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir.), *cert. denied,* 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970). Nothing in the legislative history speaks to a limit on the time for filing a fee petition in the district court.

We also find support for our construction in the Secretary's regulations promulgated under 42 U.S.C. § 406(a). Section 406(a) authorizes the Secretary to withhold 25 percent of past-due benefits for payment of attorneys' fees for representation before the Secretary. 20 C.F.R. § 404.1730(c) provides that an attorney seeking a direct payment of fees must apply to the Secretary in writing sixty days after the notice of a favorable decision has been mailed. If a request is not made within sixty days, the Secretary will notify the attorney and the claimant in writing that unless the attorney files a request for approval of a fee or a request for an extension of time within twenty days, all past-due benefits will be released to the claimant. Although this regulation applies only to an award of attorneys' fees for services before the Secretary, the Secretary has represented that the procedure is accepted by courts nationwide.

We have located only one other case dealing with the precise issue before us. In *Oroshnik v. Schweiker,* 569 F.Supp. 399 (D.N.J.1983), the court decided that § 406(b)(1) petitions were not governed by Rule 59(e). The court pointed out that the issue of timeliness is complicated by the different forms by which the claimant may be successful in the court proceedings or before the Secretary.

When the Secretary denies benefits, and the judicial review culminates in a judgment vacating the final decision and remanding for further proceedings, it is doubtful the court could pass on an application for fees other than to say that a reasonable allowance is $X., or so much thereof as does not exceed 25% of the past-due benefits, *if ultimately allowed.* This would be no more than a contingent or hypothetical disposition because it is only rarely that such a case later returns after remand. If, on remand, the claim is still denied, no fee at all would be allowable. (emphasis in original).

On the other hand there are instances where it is possible to say, within the narrow scope of review, that the denial was erroneous and that the claim should have been allowed, as was the case here. In those proceedings, there is nothing more to be done or decided by the Secretary beyond calculating the past benefits and future benefits (which may be different monthly sums). Yet, the court has no way of knowing at the time the judgment is entered what the past benefits will be and so cannot calculate the 25% limit.

*Id.* at 402. The *Oroshnik* court, citing the Supreme Court's decision in *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), ultimately concluded that the timeliness of an application for fees under § 406(b)(1) should be dealt with by local rule.

In *White,* the Court held that a post-judgment motion for attorneys' fees pursuant to 42 U.S.C. § 1988, which provides that a prevailing party in a civil rights suit shall recover "a reasonable attorney fee as part of the costs," is not a Rule 59(e) motion. The Court determined that Rule 59(e) applies only to post-judgment motions for reconsideration of the decision on the merits. Rule 59(e) was never intended to apply to requests for attorneys' fees under § 1988 that raise legal issues collateral to and separate from the decision on the merits "regardless of when attorney's fees are requested." 455 U.S. at 451, 102 S.Ct. at 1166. The Court in *White* held that district courts were free to set time limits by local rule. We find the analysis in *White* applicable to this case. Section 406(b)(1) does not set a time limit for filing a petition for fees. The petition for fees was collateral as it in no way questioned the district court's holding on the award of benefits. *See also FCC v. League of Women Voters of California,* 468 U.S. 364, 104 S.Ct. 3106, 3114–15 n. 10, 82 L.Ed.2d 278 (1984).

 The Northern District of Illinois had adopted a local rule imposing a 90-day time limit on the filing of attorneys' fee petitions in civil proceedings. *See* N.D. Ill. Local Rule 46. This rule, however, does not fit the situation in this case because an attorney petitioning for fees under § 406 will not usually know until after ninety days the amount of fees he will be requesting as a portion of the past-due benefits. Absent a specific statute or rule imposing a time limit, "[i]n this Circuit, a motion to amend the judgment to assess attorneys' fees which raises issues collateral to the merits of the cause of action is governed by rule 54, Federal Rules of Civil Procedure, which 'imposes no time limit apart from an implicit requirement of reasonableness.' " *Spray-Rite Service Corp. v. Monsanto Co.,* 684 F.2d 1226, 1248 (7th Cir. 1982), (quoting *Hairline Creations, Inc. v. Kefalas,* 664 F.2d 652, 655 (7th Cir.1981)), *aff'd on other grounds,* 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984). Similarly, a petition for fees under § 406(b)(1) must be brought within a reasonable time. Both parties here agree that the petition was filed within a reasonable time.

In sum, we do not read § 406(b)(1) as requiring a fee award at the time of the judgment. Instead, a petition for fees must be filed within a reasonable time and in this case it was. Accordingly, the decision of the district court is REVERSED and the case REMANDED for a determination of whether the fee amount requested was reasonable.

REVERSED AND REMANDED.