**UNITED STATES EQUAL EMPLOY-
MENT OPPORTUNITY
COMMISSION, Plaintiff,**

v.

**CHICAGO HOUSING
AUTHORITY, Defendant.**

No. 88 C 8371.

United States District Court,
N.D. Illinois, E.D.

Nov. 30, 1989.

[redacted]

Jean P. Kamp, E.E.O.C., Chicago, Ill., Margaret Herbert, Chicago, Ill., for plaintiff.

Thomas E. Johnson, Leslie Ann Jones, Johnson, Schaaf & Jones, Chicago, Ill., for defendant.

ORDER

NORGLE, District Judge.

Before the court is the motion of defendant, Chicago Housing Authority ("CHA"), to strike the United States Equal Employment Opportunity Commission's ("EEOC") prayer for liquidated damages and demand for jury trial. For the following reasons, the court denies the motion.

FACTS

The relevant facts are not in dispute. The EEOC brings this suit on behalf of Sue Ann Rosen, Ann Breen–Greco, Irene Lyons and Countess Cary. These women are all attorneys who were formerly employed by the CHA. All four were discharged from CHA employment on the same day, February 3, 1988. The EEOC contends this was in retaliation for the filing, by the former employees, of Equal Pay Act charges with the EEOC. The EEOC filed a first amended complaint on January 31, 1989, charging the CHA with retaliatory discharge in violation of 29 U.S.C. § 215(a)(3). The EEOC bases its authority to bring this action on 29 U.S.C. §§ 216(c) and 217. The EEOC also seeks back wages and liquidated damages pursuant to § 216(c). It is this last form of relief, liquidated damages, to which the CHA objects.

DISCUSSION

The CHA has made a motion to strike the liquidated damages portion of the first amended complaint, arguing that the EEOC does not have the authority to redress a § 215(a)(3) retaliation claim under § 216(c)[1]. The EEOC, predictably, argues that § 216(c) does give it the right to bring such an action. This raises a question of statutory interpretation.

The starting point in interpreting a statute is the language of the statute itself. *Smith v. Bowen,* 815 F.2d 1152 (7th Cir. 1987). Generally, the plain language of the statute is the best evidence of the statute's meaning. *Meredith v. Bowen,* 833 F.2d 650 (7th Cir.1987). A court should look to all parts of a statute to determine its meaning. *Kelly v. Wauconda Park Dist.,* 801 F.2d 269 (7th Cir.1986), *cert. den.,* 480 U.S. 940, 107 S.Ct. 1592, 94 L.Ed.2d 781 (1987). When a statute is clear and unambiguous on its face, there is no need to look at the legislative history of the statute for interpretation and the court is limited to enforcing the statute according to its terms. *Meredith,* 833 F.2d at 654; *Smith,* 815 F.2d at 1154; *International Korwin Corp. v. Kowalczyk,* 665 F.Supp. 652 (N.D.Ill.1987). However, a court need not enforce the literal construction of a statute, if to do so

1. Both parties agree that the EEOC has the right to bring an action under 29 U.S.C. § 217 for injunctive relief.

would lead to absurd results or thwart the objective of the statute. *Smith*, 815 F.2d at 1154. The first step, then, is to determine if the statute is clear and unambiguous on its face. If it is not, the court may then turn to alternate sources to determine the statute's meaning. In the present case, the court concludes that the statute is clear and unambiguous. § 216(c), in pertinent part, states:

> [T]he Secretary[2] may bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages. The right provided by subsection (b) of this section to bring an action by or on behalf of any employee to recover the liability specified in the first sentence of such subsection and of any employee to become a party plaintiff to any such action shall terminate upon *the filing of a complaint by the Secretary in an action under this subsection in which a recovery is sought of* unpaid minimum wages or unpaid overtime compensation under sections 206 and 207 of this title or *liquidated damages provided by this subsection owing to such employee by an employer liable under the provisions of subsection (b) of this section,* unless such action is dismissed without prejudice on motion of the Secretary.... 29 U.S.C. § 216(c) (Supp.1989) (Emphasis added).

Furthermore, § 216(b), in part, provides: *Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation* employment, reinstatement, promotion, and the payment of wages lost and *an additional amount as liquidated damages* .... The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party

plaintiff to any such action, shall terminate upon *the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which* (1) restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under provisions of this subsection or *(2) legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) of this title.* 29 U.S.C. § 216(b) (Supp.1989) (Emphasis added).

■ When the statute is read and its plain meaning is taken into account, it becomes clear that §§ 216(b) and 216(c) allow the EEOC to bring an action for violation of § 215(a)(3) and to ask for liquidated damages for such a violation. Even if the court looks only to § 216(c) to find the EEOC's authority to bring an action, as is suggested by the CHA, section (c) clearly states that the EEOC may bring an action for liquidated damages owed to an employee under section (b). Section (b) allows an employee to bring an action for back pay and liquidated damages, and even goes so far as to specifically enumerate an action by the Secretary for legal relief for violations of § 215(a)(3) as cutting off an employee's right to sue. On its face, the statute allows the EEOC to "stand in the shoes" of the employee and sue for back pay and liquidated damages.

The CHA argues that the EEOC has provided no case support for its interpretation. The court believes that this is due less to the "weakness" of the plaintiff's position and more to the plain and simple meaning of the language of the statute. The CHA cannot simply argue ambiguity into existence where no ambiguity is present.

---

**2.** The functions relating to equal pay administration and enforcement, formerly vested with the Secretary of Labor under sections (b) and (c), were transferred to the EEOC in 1979. 1978 Reorg.Plan No. 1, § 1, 92 Stat. 3781 (1980). All references to the Secretary in the statute also apply to the EEOC.

The CHA next argues that, if this court should find that the EEOC has the authority to enforce § 215(a)(3) under § 216(c), it does not have the right to a jury trial. The CHA argues that a claim for retaliation, in violation of § 215(a)(3), is not entitled to a jury trial because it is equitable in nature. Defendant's Memo in Support, p. 9. The CHA analogizes this to Title VII actions, which carry no right to a jury trial. However, this analogy has been rejected by the Supreme Court in *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978).[3]

In that case, the Supreme Court was faced with the question of whether a plaintiff was entitled to a jury trial for lost wages in an action under the Age Discrimination in Employment Act of 1967. *Lorillard*, 434 U.S. at 576, 98 S.Ct. at 867. In finding the right to a jury trial, the Court examined the language used by Congress in drafting the statute. *Id.* at 583, 98 S.Ct. at 871. The Court noted that Congress, in describing the available remedies, authorized individuals to seek legal or equitable relief. *Id.* As stated by the court:

> The word "legal" is a term of art: In cases in which legal relief is available and legal rights are determined, the Seventh Amendment provides a right to a jury trial ... [W]here words are employed in a statute which had at the time a well-known meaning at common-law or in the law of this country they are presumed to have been used in that sense unless the context compels to the contrary.... [b]y providing specifically for "legal" relief, Congress knew the significance of the term "legal", and intended that there would be a jury trial....
>
> *Id.*

This rational applies with equal force to the case before us. § 216(c) specifically authorizes the EEOC to bring an action to enforce an employee's rights under section (b). Section (b)(2) specifies that an employee (and, by inference, the EEOC) may bring an action for *legal* as well as equitable

relief for violations of § 215(a)(3). The use of such language is hardly accidental. It is clear that Congress, by specifying "legal" relief, intended to allow for a jury trial in actions for violations of § 215(a)(3).

Moreover, courts have held that the EEOC is entitled to a jury trial on actions brought under § 216(c). Quoting the language of *Lorillard*, the court in *EEOC v. Western Electric Co.*, 33 Fair Federal Employment Practice Cases (BNA) 860, 1981 WL 147 (E.D.Mich.1981) held that the EEOC is entitled to a jury trial in actions brought under § 216(c). The court noted that there seemed to be no reason why the right of an individual to a jury trial should not attach to the EEOC when suit is brought on behalf of aggrieved individuals. *Western Electric*, 33 Fair Empl.Prac.Cas. at 861.

Furthermore, this court finds especially persuasive the reasoning of the court in *EEOC v. Blue Star Foods, Inc.*, 22 Fair Employment Practice Cases 504 (BNA), 1980 WL 118 (S.D.Iowa 1980). In finding that the EEOC had a right to a jury trial when an action was brought under § 216(c), the court stated:

> Section 216(c) provides that the Secretary may bring suit against an employer on behalf of an employee to recover unpaid minimum wages or for unpaid overtime compensation and an additional amount as liquidated damages. If the Secretary brings such an action, the employee's right to bring an action under § 216(b) is terminated.... If there is no right to a trial by jury in actions brought by the Secretary, the individual's right to a jury trial could be circumvented merely by commencement of an action by the Secretary, a procedure designed to benefit and not hinder the individual. This Court is of the opinion that Congress could not have intended such a result.

*Blue Star Foods*, 22 Fair Empl.Prac.Cas. at 505, 506. Therefore, it is wholly consistent with the reasoning of the Supreme Court, as well as the practice of other district courts when adjudicating claims un-

---

**3.** The defendant attempts to distinguish *Lorillard* by claiming that the EEOC has cited it for an incorrect principle of law. However, defen-

dant has not cited to any language in the case, nor can the court find any, that supports the defendant's interpretation.

**396**

der § 216(c), to allow the EEOC a jury trial in this case.

In sum, this court holds that the EEOC is authorized, under § 216(c), to maintain an action for liquidated damages, for violation of § 215(a)(3). Furthermore, the EEOC is entitled to a jury trial on all legal issues raised under § 216(c).

IT IS SO ORDERED.